[Crim. No. 1718. In Bank.—January 26, 1912.]

## In Re GRACE COOPER, on Habeas Corpus.

CRIMINAL LAW—LIVING IN STATE OF COHABITATION AND ADULTERY—UNMARRIED PERSON CANNOT COMMIT OFFENSE.—An unmarried person cannot live in a state of cohabitation and adultery, within the meaning of section 269a of the Penal Code, as amended March 21, 1911, and cannot be guilty of the offense of so living created by that section.

ID.—ADULTERY DEFINED.—The word "adultery," as used in section 269a of the Penal Code, and in the pre-existing statute of March 15, 1872, on the same general subject, has the same meaning that is given it in section 93 of the Civil Code, where it is defined as the "voluntary sexual intercourse of a married person with a person other than the offender's husband or wife."

ID.—FORNICATION BY UNMARRIED PERSON NOT ADULTERY.—In the absence of statutory provision to the contrary, participation in an act of sexual intercourse on the part of an unmarried woman does not constitute "adultery" on her part, but amounts simply to fornication.

ID.—CONSTRUCTION OF STATUTES PUNISHING ADULTERY.—The original act of March 15, 1872, to punish adultery, was designed solely against the person guilty of "adultery," and no different design can be attributed to the amendments of 1911, the only object of which was the elimination of the element of notoriety from the offense.

ID.—UNMARRIED PERSON NOT AIDER AND ABETTOR IN OFFENSE.—As section 269a of the Penal Code excludes the idea of any criminal offense on the part of an unmarried participant in the illicit intercourse, such participant, merely on account of such participation with a married

person, cannot be held punishable as being an aider and abettor in the offense, even though he or she be considered to be an accomplice under the provisions of section 31 of the Penal Code.

APPLICATION for a Writ of Habeas Corpus directed to the Chief of Police of the City of Los Angeles.

The facts are stated in the opinion of the court.

Charles Scholz, William Freeman, and S. S. McCahill, for Petitioner.

Guy Eddie, City Prosecutor, and Frank W. Stafford, for Respondent.

THE COURT.—The petitioner is held in custody on a charge of violating the provisions of section 269a of the Penal Code, as amended March 21, 1911, which provides that "every person who lives in a state of cohabitation and adultery is guilty of a misdemeanor and punishable by a fine not exceeding one thousand dollars, or by imprisonment in the county jail not exceeding one year, or by both." The prosecution was instituted against her and one Claud C. Miller jointly, and the deposition upon which the warrant of arrest was issued and upon which the commitment for examination was based stated as follows: "That on the 27th day of December, 1911, at and in Los Angeles City, in the county of Los Angeles, state of California, the crime of cohabitation and adultery was committed by Claud C. Miller and Grace Cooper who at the time and place last aforesaid, did willfully and unlawfully live and cohabit one with the other in a state of cohabitation and adultery; the said defendant Claud C. Miller being then and there a married man; and the said Grace Cooper being then and there an unmarried woman; and the said Claud C. Miller and the said Grace Cooper not being married one to the other; and the said Grace Cooper at all times herein mentioned did know that he, the said Claud C. Miller, was a married man and was married to a woman other than herself." The question upon which a decision is sought is whether upon these facts petitioner, being an unmarried woman, is guilty of the offense defined by the section above quoted.

Section 269b of the Penal Code, as amended March 21, 1911,

by the same act that amended said section 269a, provides: "If two persons, each being married to another, live together in a state of cohabitation and adultery, each is guilty of a felony and punishable by imprisonment in the state prison not exceeding five years." The origin of these two sections is an act entitled: "An act to punish adultery," approved March 15, 1872 (Stats. 1871-72, p. 380), section 1 of which was the same as section 269a, except that the words "open and notorious" were contained therein, immediately preceding the words "cohabitation and adultery," and section 2 of said act was the same as the portion of section 269 above quoted with the same exception. By act approved March 21, 1905 (Stats. 1905, p. 656), these two sections were incorporated in the Penal Code as sections 269a and 269b, and by an act approved March 21, 1911, (Stats. 1911, p. 426), the two sections were amended by striking out the words "open and notorious." We have thus referred to the history of the legislation on this subject for the purpose of showing that the only purpose of the amendment of 1911 was to dispense with the element of the notoriety of the adulterous relation, which under the law as it formerly existed was as essential as the adulterous relation itself (*People* v. *Salmon*, 148 Cal. 303, [113 Am. St. Rep. 268, 2 L. R. A. (N. S.) 1186, 83 Pac. 42]), and that, so far as the question before us is concerned, viz.: whether an unmarried person can live in a state of "cohabitation and adultery" within the meaning of section 269a, we are in the same position that we would be were we construing and ascertaining the intention of the legislature in adopting the original act of 1871-72.

It is to be observed that neither of the sections attempts any definition of the term "adultery," and we are without any definition thereof in the statutory law of this state other than such as is found in section 93 of the Civil Code, where the adultery constituting cause for divorce is defined as follows: "Adultery is the voluntary sexual intercourse of a married person with a person other than the offender's husband or wife." This definition has been adopted in this state in the construction of penal statutes including the term "adultery." In *People* v. *Stratton*, 141 Cal. 604, 606, [75 Pac. 166], it was said: "Adultery is the sexual intercourse of a married person with a person other than the offender's husband or wife.

Fornication is distinguished from adultery by the fact that the guilty person is not married." Again, in *People* v. *Salmon*, 148 Cal. 303, 305, [113 Am. St. Rep. 268, 2 L. R. A. (N. S.) 1186, 83 Pac. 42]), it was said: "Adultery is, as is well understood, sexual intercourse of one spouse with any one other than the other spouse." And it was expressly held by the district court of appeal of the second district that, in view of this definition, an unmarried man could not live in a state of cohabitation and adultery within the meaning of section 269a of the Penal Code. (*In re Sullivan*, on Habeas Corpus, 17 Cal. App. 278, [119 Pac. 526].) It is to be borne in mind that section 93 of the Civil Code, which was a part of the original code adopted in 1872, was enacted at the same session of the legislature as that at which the original act to punish adultery, approved March 15, 1872, was enacted, and it is only reasonable to assume that the word "adultery" was used with the same meaning in both laws. As we have seen, section 93 of the Civil Code, has already been held to furnish the definition of adultery in the construction of penal statutes. We are satisfied that the overwhelming weight of modern authority is to the effect that, in the absence of statutory provision to the contrary, participation in an act of sexual intercourse on the part of an unmarried woman does not constitute "adultery" on her part, but amounts simply to fornication. (See Bishop on Statutory Crimes, sec. 654; 2 McClain on Criminal Law, sec. 1086; *Bashford* v. *Wells*, 18 L. R. Ann. (N. S.) 580, note; 1 Bouvier Law Dic., 105; *Buchanan* v. *State*, 55 Ala. 154.) This is not the rule favored in Wharton's Criminal Law, although the learned writer gives it as a definition obtaining in many jurisdictions, but it is expressly stated in a note to section 1720 of his work that where the offense is restricted as it is by our Civil Code, section 93, an unmarried person cannot be guilty thereof by reason of mere participation in the act, either as principal or accessory. In many of the states the legislature has by express provision inserted in the statute making adultery a crime a declaration that an unmarried participant in illicit intercourse shall also be deemed guilty of the offense, thus recognizing the necessity of making some such provision in order to bring such a participant within the meaning of the statute. Most of the decisions holding an unmarried participant guilty of the offense are based

on such statutes. In view of our definition, such an unmarried participant, whatever the extent of his or her moral delinquency, is not guilty of "adultery." We think it very clear that our original act to punish adultery cannot be reasonably construed otherwise than as designed solely against the person guilty of "adultery," and no different design can reasonably be attributed to the amendments, in view of the obvious fact that the only object thereof was, as already shown, the elimination of the element of notoriety. It is to be borne in mind, too, that the latest amendments to this law were adopted by the legislature after the decisions of this court as to the meaning of the term "adultery" in criminal statutes had been rendered, and presumably with full knowledge of such decisions. So far as the question we are considering is concerned, there is no material difference between "adultery" and "living in a state of adultery." It is only the adulterer who can live "in a state of adultery." The plain purpose of the whole act was simply to make the adulterer guilty of a public offense in all cases of living in a state of illicit intercourse, but to make the offense only a misdemeanor where the other participant was unmarried, and a felony where such other participant was also married.

It is earnestly contended in the able brief filed by learned counsel for the state, that even if petitioner was not herself guilty of adultery, she was nevertheless a principal in the crime defined by section 269a, by reason of the fact that by her participation in the illicit intercourse she willfully and knowingly aided and abetted her married co-defendant in the commission of his offense. In view of the provisions of section 31 of the Penal Code, we think that this would be true if the section defining the offense (sec. 269a) did not exclude the idea of any criminal offense on the part of the unmarried participant in the illicit intercourse on account of such participation alone. Of course, an unmarried person might be guilty as a principal of this offense, under section 31 of the Penal Code, by aiding and assisting in its commission in some other way than by living in a state of illicit intercourse with a married person, but we are considering here simply such aid and assistance as are involved in the mere fact of participation in the illicit intercourse. The question in this connection is not whether the unmarried party willfully and knowingly

participating in such illicit intercourse is an accomplice of the married party thereto, but whether, assuming that he or she is an "accomplice" within the meaning of that term as used in our statute, it was nevertheless the design of the legislature not to make such participation criminal and punishable. We are of the opinion that a fair and reasonable construction of the provisions of sections 269a and 269b of the Penal Code requires this conclusion. It is recognized both by Bishop and Wharton that such unmarried participant cannot be held, merely by reason of such participation, to be guilty as an aider or abettor, if the statute is in such terms as to exclude the consequence that both parties are to be punished. (Bishop on Statutory Crimes, sec. 659; 2 Wharton on Criminal Law, sec. 1721.) As Mr. Wharton puts it: "Of course, when, as in Pennsylvania, the offense is limited by statute to married persons, this reasoning fails." Learned counsel for the state quotes the Pennsylvania statute involved as follows: "If any married man shall have carnal connection with any woman not his lawful wife, or any married woman have carnal connection with any man not her lawful husband he or she so offending shall be deemed guilty of adultery." So far as the question we are considering is concerned, this statute is not materially different from our own which makes only the person "who lives in a state of . . . adultery" guilty of the public offense therein defined, thus impliedly excluding the idea of any guilt of such offense on the part of the unmarried participant whose only part in the affair has been to live with the married party in the state forbidden to him by the law. Where the idea of guilt on the part of an unmarried participant of such an offense as this is thus excluded by the terms of the statute defining the offense, we think it must be held to follow that such participant cannot be held punishable as being an aider and abettor in the offense, even though he or she be held to be an accomplice under the provisions of section 31 of the Penal Code. There is nothing in *People* v. *Coffey,* 161 Cal. 433, [119 Pac. 901], in conflict with this view.

We conclude, therefore, that upon the facts stated, petitioner is not guilty of any public offense created by statute of this state.

It is ordered that petitioner be discharged from custody.