[Crim. No. 325.   Second Appellate District.—March 28, 1914.]

In the Matter of the Application of ABRAHAM KANTROWITZ for a Writ of Habeas Corpus.

Criminal Law—Rape—Commission upon Wife—Husband as Abettor. Under section 31 of the Penal Code a husband may, as aider and abettor of the crime, be prosecuted for rape committed upon his wife.

Id.—Prosecution for Rape—Wife as Witness Against Husband.—In such prosecution the wife is a competent witness against the husband, the crime having been committed after their marriage.

PETITION for a Writ of Habeas Corpus directed to the Sheriff of Los Angeles County.

The facts are stated in the opinion of the court.

George L. Greer, for Petitioner.

J. D. Fredericks, and W. J. Ford, for Respondent.

CONREY, P. J.—Petitioner is in the custody of the sheriff of Los Angeles County under a commitment issued pursuant to an order holding him to answer upon a charge of rape. In his behalf it is contended that the imprisonment of the petitioner is illegal in this that the person upon whom said rape is alleged to have been committed appears from all of the testimony to be the wife of said Abraham Kantrowitz; also that he has been committed to custody without reasonable

or probable cause in that the only testimony directly connecting him with the alleged offense is the testimony of his wife, it being claimed that she is not a competent witness.

By section 261 of the Penal Code rape is defined to be an act of sexual intercourse accomplished with a female not the wife of the perpetrator and under certain circumstances specified in said section. Section 31 of the same code defines principals in the commission of a crime in terms which include not only those who directly commit a felony or misdemeanor, but those who aid or abet in its commission. Section 971 of the Penal Code, abrogates the distinction formerly existing between an accessory before the fact and a principal, and between principals in the first and second degree in cases of felony.

In accordance with the foregoing statutory provisions, it is necessary in any indictment or information charging a defendant with the crime of rape that he shall be accused as a principal The argument here presented on behalf of petitioner is that, since under the section defining the crime of rape it is manifest that a husband is incapable of personally committing that crime against his own wife, therefore he cannot be guilty of that crime under any circumstances. Under similar statutory conditions, the contrary rule is established by the authorities of several other states. In *People v. Chapman*, 62 Mich. 280 [4 Am. St. Rep. 857, 28 N. W. 896], it appeared that the defendant, being desirous of obtaining evidence by which to secure a divorce from his wife, employed another man to have intercourse with his wife, either with or without her consent, and the husband with witnesses concealed himself in an adjoining room. The wife resisted and the rape was committed. Under the statutes of Michigan it was provided that all persons aiding, assisting, or abetting in the commission of a crime were liable to indictment, trial, and punishment as principals. The supreme court of Michigan sustained the lower court's instruction to the jury that if they found facts substantially as above stated the defendant was guilty of rape. To like effect see: *State v. Haines*, 51 La. Ann. 731, [44 L. R. A. 837, 25 South. 372], and *State v. Dowell*, 106 N. C. 722 [19 Am. St. Rep. 568], 8 L. R. A. 297, [11 S. E. 525]. Several other cases to like effect are cited in the note, 8 L. R. A. 297. In the case of

*In re Cooper*, 162 Cal. 81, 85, [121 Pac. 318], where it was held that a single woman could not (under Pen. Code, sec. 269a,) be guilty of adultery by personal participation in illicit intercourse with a married man, the court added the following observation, which is pertinent to this discussion: "Of course, an unmarried person might be guilty as a principal of this offense, under section 31 of the Penal Code, by aiding and assisting in its commission in some other way than by living in a state of illicit intercourse with a married person, but we are considering here simply such aid and assistance as are involved in the mere fact of participation in the illicit intercourse."

It is next contended that in this case the wife is not a competent witness against her husband, and that the petitioner is without probable cause held to answer, since it appears from the transcript of testimony at the preliminary examination that the only testimony directly connecting him with the alleged offense is the testimony of his wife. "Neither husband nor wife is a competent witness for or against the other in a criminal action or proceeding to which one or both are parties, except with the consent of both, or in case of criminal actions or proceedings for a crime committed by one against the person or property of the other, or in cases of criminal violence upon one by the other, . . ." (Pen. Code, sec. 1322.) In *People* v. *Curiale*, 137 Cal. 534, [59 L. R. A. 588, 70 Pac. 468], it was held that the words, "criminal violence upon one by the other," mean criminal violence upon the wife by the husband, or criminal violence upon the husband by the wife, and that the exception refers to violence "by one spouse upon the other spouse. The exception does not extend to acts committed before the marriage." In that case the rape was alleged to have taken place on a certain day and the marriage on the following day. The decision is that, under those circumstances, the wife was not a competent witness against the husband. It is plainly to be inferred that where a husband is charged with having committed a crime of violence upon a woman after his marriage to her, she is a competent witness.

The writ is discharged and the petitioner remanded to custody.

James, J., and Shaw, J., concurred.