[No. B087051. Second Dist., Div. Four. July 24, 1995.]

THE PEOPLE, Plaintiff and Respondent, v.
LARRY W. FRAIZE, Defendant and Appellant.

## COUNSEL

John D. O'Loughlin, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Kenneth C. Byrne and Anh T. Nguyen, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

## VOGEL (C. S.), J.—

### INTRODUCTION

Following a court trial, defendant Larry W. Fraize was convicted of two counts of violating Penal Code section 288a, subdivision (e) which prohibits a jail inmate from engaging in oral copulation, even if consensual. On this appeal, defendant contends the statute does not apply to his actions because the statute only criminalizes oral copulation by a jail inmate and at the time of the events it is undisputed he was a deputy sheriff. We reject this contention, finding defendant's convictions are proper based upon an aiding and abetting analysis.

### Factual and Procedural Background

The pertinent facts are uncontested and can be simply stated. On May 4, 1993, defendant, a deputy sheriff, was assigned to work as a bailiff in a courtroom of the Los Angeles Superior Court system. That day, Ashley R. and Christina W. were jail inmates who had been transported to the courthouse. While the two women were in the lockup facility, defendant entered and directed Ashley R. first to orally copulate Christina W. and then to orally copulate him.

Based upon these events, a complaint was filed charging defendant with two counts of Penal Code, section 288a, subdivision (e). The statute provides, in pertinent part: "Any person who participates in an act of oral copulation while confined . . . in any local detention facility . . . shall be punished by imprisonment . . . ."

A preliminary hearing was conducted in which Ashley R. and Christina W. testified to the above facts.[1] Because internal affairs had been investigating defendant, the events of May 4, 1993, had been video and audiotaped.[2] The videotape and a transcript of the audiotape were introduced into evidence. The magistrate held defendant to answer on both charges.

The People filed a two-count information. The first count alleged a violation of Penal Code section 288a, subdivision (e) because defendant "willfully and unlawfully [did] aid and abet an act of oral copulation with Ashley R. and Christina W., while they were confined in Los Angeles County Jail . . . ." The second count alleged another violation of that statute because defendant "willfully and unlawfully [did] aid and abet in an act of oral copulation by Ashley R., while Ashley R. was confined in Los Angeles County Jail . . . ."

Defendant moved to set aside the information (Pen. Code, § 995) on the basis that the charging statute did not embrace his actions. The People filed formal opposition to the motion. A hearing was conducted, following which the superior court denied the defense motion.

---

[1] The prosecutor informed the court that the women would not be prosecuted for their actions as long as they testified truthfully.

[2] A search warrant authorized the placement of the recording devices.

Defendant, represented by counsel, thereafter submitted the case to the court based upon the transcript of the preliminary hearing.[3] The court found him guilty of both charges. Defendant was placed on formal probation for 3 years on the condition he serve 180 days in county jail, a condition the court then stayed to permit him to perform 200 hours of community service.[4]

## DISCUSSION

On this appeal, defendant contends: "[W]here a statute makes criminal only the action of one category of the possible necessary participants, persons not in the designated category, cannot be convicted as an aider and abettor." Defendant points to the well-settled principle that Penal Code section 288a, subdivision (e) only prohibits *inmates* from engaging in oral copulation (*People* v. *Santibanez* (1979) 91 Cal.App.3d 287, 291 [154 Cal.Rptr. 74]; and see *People* v. *West* (1991) 226 Cal.App.3d 892, 896-899 [277 Cal.Rptr. 237]) to argue the statute has absolutely no application to his actions because he was not then an inmate. The contention lacks merit for it fails to recognize that under an aiding and abetting theory—a theory the People pled against defendant and argued to the trial court—a defendant can properly be convicted of a crime even though by statutory definition the defendant would be incapable of committing the substantive offense by himself.

*Hutchins* v. *Municipal Court* (1976) 61 Cal.App.3d 77 [132 Cal.Rptr. 158] (hearing den.) is instructive. There, a licensed attorney was charged with the misdemeanor offense of aiding and abetting persons acting as runners or cappers. The defendant-attorney urged he could not be charged with aiding and abetting that offense because the charging statute only criminalized the conduct of the runners and cappers, not the actions of their attorney employer. The Court of Appeal rejected the claim, noting that precedent permitted proceeding on an aiding and abetting theory even if the accused could not commit the crime by himself. For instance, although rape is statutorily defined as "an act of sexual intercourse accomplished with a person not the spouse of the perpetrator" (Pen. Code, § 261), it is proper to prosecute, on an aiding and abetting theory, a man for the rape of his wife, or a woman for the rape of another woman. (61 Cal.App.3d at p. 81 and cases cited therein.) And in an even more relevant vein, it has been held that an adult can be prosecuted for aiding and abetting children to commit lewd acts on themselves. (*People* v. *Roberts* (1972) 26 Cal.App.3d 385, 387-388

---

[3]Defendant was advised of, and waived, the pertinent rights in doing so.

[4]The present record does not reflect whether defendant has performed the community service condition.

[103 Cal.Rptr. 25].) It therefore follows that the People's use of the aiding and abetting theory against defendant was proper.

The *Hutchins* court found that, based upon its review of pertinent case law, the putative aider and abettor could escape prosecution in only two limited situations. Neither situation exists in this case.

The first situation is if an affirmative legislative intent exists that one party was to be unpunished because he or she "was generally considered by society to be less blameworthy morally than the other party." (61 Cal.App.3d at p. 83.) That circumstance is not present in the case at bench. The fact that Penal Code section 288a, subdivision (e) does not explicitly punish an employee of the detention facility who engages in sexual conduct with an inmate does *not* necessarily show an affirmative legislative intent that the employee is to go unpunished for such an action. (*Hutchins* v. *Municipal Court, supra,* 61 Cal.App.3d at p. 84.) At the time the statute was enacted, it is unlikely the Legislature anticipated the possibility that employees of detention facilities would engage in sexual activities with inmates. (*People* v. *West, supra,* 226 Cal.App.3d at p. 899.) Thus, the statute did not directly criminalize that behavior. However, the Legislature has since closed this "gap" in the law. In 1994, it enacted Penal Code section 289.6 which provides, in pertinent part, that any employee "who engages in sexual activity with a consenting adult who is confined in a detention facility is guilty of a public offense." The enactment of the new statute clearly indicates that there was never any affirmative legislative intent that a person such as defendant was less morally blameworthy than the inmate and thus should go unpunished for engaging in sexual conduct with an inmate.[5]

The second situation in which the putative aider and abettor can escape prosecution is where a different criminal statute imposing a lesser punishment is found to be controlling. (*Hutchins* v. *Municipal Court, supra,* 61 Cal.App.3d at pp. 83-84.) Defendant makes no effort to point to such a statute.

---

[5]Defendant attempts to avoid the precedential force of *Hutchins*, a matter in which the California Supreme Court denied the defendant's petition for hearing, by claiming that *Hutchins* misconstrued the controlling California Supreme Court decision of *In re Cooper* (1912) 162 Cal. 81 [121 P. 318]. Not so. In *Cooper*, the issue was whether an *unmarried* individual who had sexual relations with a married person could be prosecuted, on an aiding and abetting theory, for violating the statute criminalizing adultery. The court examined the legislative history of the pertinent statutes (*id.* at pp. 83-85) to reach its conclusion that such a prosecution was barred because it was "the design of the legislature not to make such participation criminal and punishable." (*Id.* at p. 86.) This conclusion is consistent with *Hutchins*'s holding that proceeding upon an aiding and abetting theory is inappropriate if there is evidence that the Legislature sought to preclude such a prosecution.

In sum, defendant was properly convicted of aiding and abetting two violations of Penal Code section 288a, subdivision (e).

## DISPOSITION

The judgment is affirmed.

Woods (A. M.), P. J., and Epstein, J., concurred.