[No. A080758. First Dist., Div. Three. June 15, 1999.]

In re ANTHONY J., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
ANTHONY J., Defendant and Appellant.

**COUNSEL**

L. Richard Braucher, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Laurence K. Sullivan and Seth K. Schalit, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**PARRILLI, J.**—Under California law, "lynching" includes not only the notorious form of lynch mob behavior that aims to take vengeance on the victim, but also any participation in riotous conduct aimed at freeing a person from the custody of a peace officer. Accordingly, we conclude that a person who takes part in a riot leading to his escape from custody can be convicted of his own lynching.

Anthony J. appeals from a dispositional order committing him to the Log Cabin Ranch School for a maximum period of eight years, six months. The juvenile court upheld allegations charging Anthony with resisting arrest, lynching, aggravated assault on an officer, assault, and petty theft. On appeal, Anthony challenges only the finding on the lynching charge, which arose from events following his arrest by police officers on a warrant for auto theft. The officers succeeded in handcuffing Anthony, though he struggled with them and repeatedly yelled for assistance to a crowd that eventually swelled to 200 or 300 people. After being handcuffed, Anthony continued his attempts to break away and his appeals for assistance from the crowd. The crowd finally charged the officers and pulled Anthony away. He fled, still handcuffed, and eluded capture.

■ Anthony contends the court improperly found that he aided and abetted his own lynching. He argues that the lynching statutes (Pen. Code, §§ 405a and 405b) were enacted to protect victims of lynching from harm, and therefore cannot be violated by a person who is the subject of the lynching.[1]

We hold that the lynching statutes clearly apply to Anthony's conduct. Section 405a defines lynching as "[t]he taking by means of a riot of any person from the lawful custody of any peace officer." Under section 405b, "[e]very person who participates in any lynching is punishable . . . ." These provisions plainly include a person in custody who participates in a riot that enables him to escape.[2] The case law makes it clear that a "lynching" as defined by section 405a need not involve intent to harm the person in custody, despite the commonly understood connotations of "lynching."

In *People v. Jones* (1971) 19 Cal.App.3d 437 [96 Cal.Rptr. 795], the defendant was convicted of lynching for inciting a crowd to block a patrol car and free an arrested suspect from the backseat. (*Id.* at pp. 441-442.) The defendant argued that section 405a was unconstitutionally vague due to its deviation from the usual understanding of the term "lynching." (19

---

[1]Further statutory references are to the Penal Code.

[2]The judge found the lynching charge true on the theory that Anthony aided and abetted in the crime. This line of reasoning is understandable; it is awkward to apply the definition provided in section 405a to hold that a person can "take" himself from police custody. However, section 405b provides that a person may be punished for lynching based on his *participation* in a riot that effects a taking from custody. Here there is no doubt that Anthony fully participated in the riot, both verbally and physically. As a result of the riot, he was taken from lawful police custody. Therefore, we deem it unnecessary to rely on the concept of aiding and abetting in this case. "We review the correctness of the challenged ruling, not of the analysis used to reach it." (*In re Baraka H.* (1992) 6 Cal.App.4th 1039, 1045 [8 Cal.Rptr.2d 221].)

Cal.App.3d at p. 443.) The *Jones* court disagreed. It recognized that "lynching" "generally includes the infliction of summary punishment without benefit of trial or authority of law [citation], and has also been popularly regarded as 'mob vengeance on persons suspected of crime.' [Citation.]" (*Ibid.*) However, the definition of section 405a is clear on its face, ruled the court, observing that the Legislature is free to define and punish offenses as it sees fit (subject to the prohibition against cruel and unusual punishment), and may choose to define a word in a way that varies from its traditional meaning. (19 Cal.App.3d at p. 444; see also *People* v. *Patino* (1979) 95 Cal.App.3d 11, 23-25 [156 Cal.Rptr. 815] [all elements of lynching were met by evidence that defendants joined mob which interfered with arrest and freed suspect].)

We concur with the *Jones* court's reasoning, which refutes Anthony's contention that the Legislature must have intended to prohibit only the sort of vigilantism directed against prisoners that is commonly referred to as "lynching." Anthony's attempts to imply such a legislative intent from the history of lynching in the United States and California are insufficient to alter the plain meaning of the language used by the Legislature in section 405a.[3]

Anthony also urges that section 4534, prohibiting wilful assistance in the escape of a person in custody, is a specific statute that precludes the application of sections 405a and 405b, which he characterizes as more general statutes applying to the same conduct. However, there is a significant difference between merely assisting in an escape and participating in a riot to effect an escape. As the *Jones* court noted, "taking by means of riot . . . presents greater danger to the officers and populace than a single act of only a few disciplined persons." (19 Cal.App.3d at p. 445.)[4] Indeed, because of their focus on riotous conduct, the lynching statutes apply more specifically to Anthony's actions than the more general terms of section 4534. We reject the preclusion argument. The punishment provided in section 405b is appropriate for Anthony's conduct in this case, which cannot be considered the same as merely wilfully assisting in his own escape.

---

[3]Because we conclude the statutes do prescribe punishment for a person who participates in his own lynching, we need not address Anthony's arguments under *In re Meagan R.* (1996) 42 Cal.App.4th 17 [49 Cal.Rptr.2d 325], and *In re Cooper* (1912) 162 Cal. 81 [121 P. 318], which apply only where the Legislature has manifested an intent not to hold one participant in a criminal act guilty.

[4]The *Jones* court made this observation in response to the defendant's argument that the enactment of section 4550, prohibiting the rescue of prisoners, demonstrated the Legislature's intent to reserve section 405a for situations where there was a threat of harm to the prisoner.

## DISPOSITION

The dispositional order is affirmed.

McGuiness, P. J., and Walker, J., concurred.

Appellant's petition for review by the Supreme Court was denied September 29, 1999. Mosk, J., was of the opinion that the petition should be granted.