[Crim. No. 6001.    First Dist., Div. Three.    Dec. 5, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. GORDON
DREW FRAZIER, Defendant and Appellant.

Morris D. Bobrow, under appointment by the Court of Ap-
peal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Robert R. Granucci
and Karl S. Mayer, Deputy Attorneys General, for Plaintiff
and Respondent.

DRAPER, P. J.—A jury found defendant and another
male inmate of the California Medical Facility guilty of
sodomy (Pen. Code, § 286). Both were sentenced to prison.
Only defendant Frazier's appeal is before us.

■     A correctional officer of the prison, conducting a
search of cells for contraband, entered the apparently unoc-
cupied cell assigned to Frazier. A blanket was draped over the
end and side of the bed. The officer lifted it, and beneath the
bed saw the two defendants, nude, engaged in an act of
sodomy. No evidence was introduced by the defense.

Appellant argues that his conduct is constitutionally protected under the doctrine of a recent decision (*Griswold* v. *Connecticut,* 381 U.S. 479 [14 L.Ed.2d 510, 85 S.Ct. 1678]). Although seven justices concurred in the judgment of reversal in *Griswold,* there are three concurring opinions and two dissents. Thus the precise ground of decision is not clear. The majority opinion turns on the right of privacy in the marriage relation, "an association for as noble a purpose as any involved in our prior decisions" (p. 486). The concurring opinion of Justice Goldberg, joined by two other justices, emphasizes the Ninth Amendment, but also turns upon protection of "the right of marital privacy" (p. 486) which "is fundamental and basic" (p. 499).

Appellant wholly fails to bring himself within the ambit of *Griswold.* His relationship with his fellow prisoner can hardly, under the most advanced views of those who decry the current rigidity of moral judgments, be deemed "noble" or "basic." Even if the homosexual relationship of consenting adults were deemed entitled to the cloak of privacy in life outside prison walls, appellant cannot don that cloak. It is common knowledge that homosexuality is the underlying cause of many instances of prison violence. To compel prison officials to afford privacy for such activities of inmates would be to dispel hope for discipline and order within the walls. Prisoners, of course, enjoy many constitutional guaranties, but the penumbral right of privacy enunciated in *Griswold* can have no more application in the setting here involved than could the right to bear arms (2d Amend. to U.S. Const.).

Appellant argues that further imprisonment for homosexual acts within a prison is "unreasonable and ineffective," "and, indeed, cruel." He cites no authority for the view that such punishment is within the constitutional proscription of cruel and unusual punishment (8th Amend. to U. S. Const., Cal. Const., art. I, § 6), and we find none.

Judgment affirmed.

Salsman, J., and Bray, J.,* concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 31, 1968.

---

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.