[Crim. No. 22944. Second Dist., Div. Three. Aug. 6, 1973.]

THE PEOPLE, Plaintiff and Appellant, v.
TOM PARKER, Defendant and Respondent.

## COUNSEL

Joseph P. Busch, District Attorney, Harry B. Sondheim and Arnold T. Guminski, Deputy District Attorneys, for Plaintiff and Appellant.

Miller, Glassman & Browning and Anthony Michael Glassman for Defendant and Respondent.

## OPINION

**ALLPORT, J.**—Defendant concedes that the People's opening brief fully and completely summarized the proceedings below and adopts same as his statement of the case. That statement is substantially as follows:

This is an appeal by the People, pursuant to Penal Code section 1238, subdivision (a)(8), from an order made on November 10, 1972, which terminated the action involving the consolidated informations, numbers A 119647 and A 119717.

On October 8, 1971, a felony complaint was filed in the Municipal Court of Los Angeles Judicial District entitled The People of the State of California, Plaintiff, v. Tom Parker, Joseph William Dutra, Jr., James M. Henry, Jr., Gilbert Sandoval, Patricia J. Skeya, Defendants, No. A 119647. Counts I, II, IV, V, VI, and IX respectively alleged that defendant-respondent Tom Parker aided and abetted in the commission of a violation of Penal Code section 288a on or about April 19, 1971, and count X alleged that he conspired to violate section 288a in violation of Penal Code section 182 (conspiracy) on or about April 19, 1971.[1] On April 19, 1972, information number A 119647 was filed in the Superior Court for Los Angeles County in which respondent was charged with conspiracy to commit violation of Penal Code section 288a, in violation of Penal Code section 182, on or about April 19, 1971.

On October 14, 1971, a felony complaint was filed in the Municipal Court of Los Angeles Judicial District entitled "The People of the State of California, Plaintiff, v. Tom Parker, James Henry, Jr., George Brown, Timothy Deering, Jason Yukon, Sandy Carey, Orita Chadwick, & Melanie Kofoed, Defendants, No. A 119,717." Counts I, II, III, IV, V and VI respectively alleged that respondent aided and abetted in the commission of a violation of Penal Code section 288a on or about May 19, 1971, and count VII alleged that he violated Penal Code section 182 by conspiring to violate section 288a on or about May 19, 1971. On April 19, 1972, information number A 119717 was filed in the superior court for Los Angeles County. Counts I through VI of the information each charged that respondent aided and abetted in the commission of oral copulation

---

[1]Penal Code section 182 makes it punishable "If two or more persons conspire: 1. To commit any crime."

Penal Code section 288a provides in part: "Any person participating in an act of copulating the mouth of one person with the sexual organ of another is punishable by imprisonment in the state prison for not exceeding 15 years, or by imprisonment in the county jail not to exceed one year; . . ."

on or about May 19, 1971, and count VII alleged that he violated section 182 by conspiring to violate section 288a on or about May 19, 1971.

On June 26, 1972, respondent was arraigned and he pleaded not guilty to both informations. The trial date for each information was set for September 11, 1972. On August 29, 1972, respondent filed a "Notice of Motion and Motion to Dismiss Information; Memorandum of Points and Authorities in Support Thereof" with the superior court. The motion to dismiss, according to the notice, was to be made, upon the following grounds:

"1. Penal Code § 288a constitutes a denial of the equal protection of the laws, in violation of the Fourteenth Amendment to the United States Constitution in that said section purports to proscribe and make criminal one type of normal sexual conduct while permitting alternative and equally inoffensive sexual conduct.

"2. Penal Code § 288a is violative of the First Amendment to the United States Constitution in that said section constitutes an establishment of religion by virtue of the fact that said section represents an enforcement, by penal sanction, of Judaeo-Christian religious tenents [*sic*] while numerous other religions accept and deem normal the conduct sought to be prohibited.

"3. Penal Code § 288a is violative of the due process clause of the Fourteenth Amendment to the United States Constitution in that there is neither compelling state interest nor any rational purpose in attempting to prohibit conduct which is inoffensive and harmless.

"4. Penal Code § 288a is violative of the Ninth Amendment to the United States Constitution in that said section violates the freedoms protected and secured by said amendment to all adult citizens of the United States.

"5. Penal Code § 288a violates both the First and Ninth Amendments to the United States Constitution in that the prohibitions contained in said section invade the freedoms of association and conduct secured by these amendments."[2] Information No. A 119647 was amended by adding

[2]United States Constitution Amendment I: "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably'to assemble, and to petition the Government for a redress of grievances."

Amendment IX: "The enumeration in the Constitution of certain rights, shall not be construed to deny or disparage others retained by the people."

Amendment XIV, section 1: "All persons born or naturalized in the United States, and subject to the jurisdiction thereof are citizens of the United States and of the

count II, which alleged that on or about April 19, 1971, respondent violated section 288a by participating "in the act of copulating the sexual organ, to wit, the penis, of him, the said Gilbert Sandoval, with the mouth of Melanie Kofoed."

The prosecution and respondent stipulated to submit both cases, A 119647 and A 119717, to the court upon the transcripts of the preliminary hearings and it was further agreed that all stipulations entered and all exhibits received into evidence at the preliminary hearing in each case be deemed to have been received into evidence "at this time," and that both sides reserved the right to call additional witnesses or to produce additional evidence as may be deemed necessary.

It was additionally stipulated that the acts of oral copulation as alleged in both informations took place on or about the dates alleged in the County of Los Angeles. Additional stipulations as to evidence were made but are unnecessary to detail in this opinion. It was also stipulated that the trial court could read and consider the transcript of oral proceedings commencing on or about January 3, 1972, in department 116 of the superior court in connection with this same defendant's motion to have section 288a of the Penal Code declared unconstitutional.

The films "Lessons in Love" and "A Virgin Awakening" (previously received in evidence at the preliminary hearings) were received into evidence in the superior court. It was stipulated that the trial court could see the films in the absence of counsel and the respondent.

Respondent expressly waived his constitutional rights and acknowledged his understanding of the nature of stipulations and of the proceeding.

On October 3, 1972, the trial court continued the matter for decision to November 10, 1972. On November 10, 1972, the court declared: "The Court is going to grant the motion to dismiss in each of the two cases on the grounds of violation of the Fourteenth Amendment of the United States Constitution, equal protection and due process clauses.

"All other matters will go off calendar as being moot."

That portion of the brief submitted by respondent's counsel which discusses the equal protection and due process grounds shows that respondent

State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

was not merely attacking section 288a as it applies to him, but also upon the ground that section 288a is invalid on its face. Accordingly, it must be concluded that the trial court adopted the same position.

It is contended on appeal by the People that the trial court erred in granting defendant's motion to dismiss the informations upon the ground that section 288a of the Penal Code is unconstitutional.

■ It appears from the record before us that the numerous and varied acts of oral copulation forming the basis for the prosecution were performed in the course of the filming of two sound moving picture films, one entitled "A Virgin Awakening" and the other "A Lesson in Love." They were produced for the studio of Irv Sofsky, Photo West. The professional performers were hired and directed by respondent. The films were made for commercial release in motion picture theaters in Los Angeles and elsewhere. There were some 15-20 persons present at the studio during the filming. At the hearing of the motion to dismiss respondent offered the oral testimony of some six qualified witnesses with respect to the subjects of human sexuality and behavior, marriage, family counseling and medicine and related subjects. In summary respondent points out that the testimony of these witnesses supported findings that oral-genital sexual activity is a natural normal biological function engaged in at some time or another by the majority of human beings and is advocated by the great majority of clinical psychologists, psychiatrists, and marriage counselors. It was also established that films depicting acts of oral copulation are now being shown in numerous medical schools throughout the United States. We are referred to no evidence in the record contrary to these conclusions.

As pointed out above the trial court dismissed the cases on the ground that the statute in question was violative of the equal protection and due process clauses of the Fourteenth Amendment to the United States Constitution. Its ruling was not based upon violations of either the First or Ninth Amendments nor on the ground of insufficiency of the evidence as urged by respondent in the court below and on appeal. Those matters went "off calendar as moot." Thus the sole issue before us is as framed by respondent himself in his reply brief. "Does Penal Code Section 288a violate the due process clause of the Fourteenth Amendment to the United States Constitution by criminalizing conduct which is normal and natural and which is engaged in by a majority of adult citizens."[3] We note at the outset that there is no evidence in the record before us which supports

---

[3]This is perhaps an oversimplification of defendant's contention since his argument is directed at not only the due process but also the equal protection provisions of the Fourteenth Amendment.

848

the conclusion that respondent's conduct in the instant case was "normal and natural and which is engaged in by a majority of adult citizens." The conduct referred to is that pertaining to the hiring and directing of professional performers to engage in acts of oral copulation in a semi-public place recorded by the camera for distribution to the general public through the media of the cinema. It is a reasonable inference that all involved including respondent expected to reap a financial return from the enterprise. The conduct of defendant may be defined as a form of commercial vice and not normal and natural sexual activity of consenting adults in private. Therefore we do not regard defendant's conduct as involving the exercise of a fundamental personal right protected by the Fourteenth Amendment.

■ Assuming arguendo that section 288a is unconstitutional when applied to the case of consenting adults in private or on some religious or other philosophical basis, that fact does not compel the conclusion that the statute must be deemed unconstitutional under all circumstances. A statute which has unconstitutional application may nevertheless be effective in those instances where the Constitution is not offended and its enforcement does not entail danger of an uncertain or vague future application. (*San Francisco Unified School Dist.* v. *Johnson,* 3 Cal.3d 937, 955-956 [92 Cal.Rptr. 309, 479 P.2d 669], cert. den. 401 U.S. 1012 [28 L.Ed.2d 549, 91 S.Ct. 1266].) It cannot be claimed with any degree of reasonableness that the right of privacy is involved herein. In *People* v. *Drolet,* 30 Cal.App.3d 207, it was said at pages 211-212 [105 Cal.Rptr. 824]: "In the exercise of its police power, each state has the right to enact laws to promote public health, safety, morals and welfare. (*Lochner* v. *New York* (1905) 198 U.S. 45, 53 [49 L.Ed. 937, 940, 25 S.Ct. 539]; *In re Weisberg* (1932) 215 Cal. 624, 627-628 [12 P.2d 446].) Penal statutes proscribing illicit sexual contacts constitute a legitimate and proper exercise of that power. (See concurring opinions of Mr. Justice Goldberg and Mr. Justice White *Griswold* v. *Connecticut, supra,* 381 U.S. 479, 498-499, 505 [14 L.Ed.2d 510, 523-524, 527, 85 S.Ct. 1678].) The exercise of this power is a legitimate legislative function, and the courts do not sit as a super-legislative body to determine the desirability or propriety of statutes enacted by the Legislature. (*Griswold* v. *Connecticut, supra,* at p. 482 [14 L.Ed.2d at p. 513].)" (See also *Winters* v. *New York,* 333 U.S. 507, 515 [92 L.Ed. 840, 849, 68 S.Ct. 665]; *Hoke* v. *United States,* 227 U.S 308, 321 [57 L.Ed. 523, 527, 33 S.Ct. 281].) ■ While the police power is subject to constitutional limitation, it does, as conceded by defendant, extend to sexual matters involving commercial vice. (See, e.g., *Eisenstadt* v. *Baird,* 405 U.S. 438, 448-449 [31 L.Ed.2d 349, 359-360,

92 S.Ct. 1029]; *King* v. *Smith,* 392 U.S. 309, 333-334 [20 L.Ed.2d 1118, 1134-1135, 88 S.Ct. 2128]; *People* v. *Luros,* 4 Cal.3d 84, 91 [92 Cal. Rptr. 833, 480 P.2d 633], cert. den. 404 U.S. 824 [30 L.Ed.2d 52, 92 S.Ct. 51, 95]; *Boreta Enterprises, Inc.* v. *Department of Alcoholic Beverage Control,* 2 Cal.3d 85, 101 [84 Cal.Rptr. 113, 465 P.2d 1].) Any contention that commercial vice is constitutionally protected is without merit. (*People* v. *Luros, supra,* at pp. 90-93.)

It is argued by respondent that, in its ruling, the trial court could and did determine the unconstitutionality of section 288a by considering it "on its face" rather than its application to the specific facts involved and that such procedure was legally sound in view of the fact that the proscribed activity pertains to a fundamental right and that statute is overly broad. Respondent relies upon *Eisenstadt* v. *Baird, supra.* There is nothing in the trial court's comments to indicate that the court followed such procedure nor would to have done so been proper in this case. ■ It is clear that section 288a does not involve the suspect classifications such as race, sex, indigency, alienage, etc. Accordingly, the traditional equal protection "rationality" standard rather than the "strict scrutiny" standard is applicable. (See *Brown* v. *Merlo,* 8 Cal.3d 855, 861-862 [106 Cal.Rptr. 388, 506 P.2d 212].)

Respondent's reliance upon *Eisenstadt* v. *Baird, supra,* 405 U.S. 438, is misplaced. *Eisenstadt* is factually distinguishable and not compelling of a contrary decision herein. (See *People* v. *Drolet, supra,* 30 Cal.App.3d 207, 212.) ■ One to whom the application of a statute is constitutional will not be heard to attack the statute on the ground that it might be unconstitutional when considered in other situations. In *In re Cregler,* 56 Cal.2d 308, it was said at page 313 [14 Cal.Rptr. 289, 363 P.2d 305]: "The rule is well established, however, that one will not be heard to attack a statute on grounds that are not shown to be applicable to himself and that a court will not consider every conceivable situation which might arise under the language of the statute and will not consider the question of constitutionality with reference to hypothetical situations. (*United States* v. *Raines* (1960), 362 U.S. 17, 21-22 [80 S.Ct. 519, 523 [3, 4], 4 L.Ed. 2d 524, 529-530]; *People* v. *Perry* (1931), 212 Cal. 186, 193 [3] [298 P. 19, 76 A.L.R. 1331]; *People* v. *Naumcheff* (1952), 114 Cal.App.2d 278, 280 [1, 2] [250 P.2d 8].) Petitioner has not shown that the statute is being invoked against him in the aspects or under the circumstances which he suggests, and hence may not be heard to complain." (See also *Max Factor & Co.* v. *Kunsman,* 5 Cal.2d 446, 468 [55 P.2d 177].) In the instant case a consideration of section 288a on its face would be inconsistent with the approach taken in *People* v. *Drolet, supra,* 30 Cal.App.

3d 207, 211; *People* v. *Hurd,* 5 Cal.App.3d 865, 877 [85 Cal.Rptr. 718]; *People* v. *Roberts,* 256 Cal.App.2d 488, 495 [64 Cal.Rptr. 70]; *People* v. *Frazier,* 256 Cal.App.2d 630, 631 [64 Cal.Rptr. 447]; *People* v. *Ragsdale,* 177 Cal.App.2d 676, 679 [2 Cal.Rptr. 640].

We conclude that as applied in the instant case section 288a is not violative of the Fourteenth Amendment and that defendant has no standing to attack its constitutionality "on its face." For the reasons stated herein we need not consider defendant's arguments pertaining to insufficiency of the evidence or that the statute is violative of the First and Ninth Amendments and thus cannot be constitutionally applied to actors, actresses and directors as such.

The order dismissing actions numbered A 119647 and A 119717 is reversed.

Schweitzer, Acting P. J., and Cobey, J., concurred.

A petition for a rehearing was denied August 22, 1973, and respondent's petition for a hearing by the Supreme Court was denied October 3, 1973.