[Crim No. 24014. Second Dist., Div. Two. Aug. 2, 1974.]

THE PEOPLE, Plaintiff and Appellant, v.
HOWARD ZEIHM et al., Defendants and Respondents.

## Counsel

Joseph P. Busch, District Attorney, Harry B. Sondheim and Eugene D. Tavris, Deputy District Attorneys, for Plaintiff and Appellant.

Richard S. Buckley, Public Defender, Harold E. Shabo, James McGarry, Dennis A. Fischer and Ronald B. Davey, Deputy Public Defenders, Fleishman, McDaniel, Brown & Weston and John H. Weston for Defendants and Respondents.

## Opinion

**COMPTON, J.**—Pursuant to Penal Code section 1238, subdivision (a)(1), the People appeal from an order of the superior court setting aside an information under Penal Code section 995.

Defendants Zeihm, Cichy and Rogers were charged in the information with two counts of conspiring to violate Penal Code section 288a, four substantive counts of violation of Penal Code section 288a and one count of violation of Penal Code section 261.5 (sexual intercourse with a female under the age of 18 years). Defendant Coffman was charged in the two conspiracy counts and two of the substantive counts of violation of Penal Code section 288a.

The charge of violating section 261.5 of the Penal Code had been dismissed following the preliminary hearing by the magistrate stating as follows: "With respect to Count VII, the Court finds from the facts as elicited by the testimony that the People have failed to show that the requisite intent was present on behalf of any of the defendants named in Count VII *because of the reasoning stated in People vs. Hernandez,* 61 Cal.2d 529 [39 Cal.Rptr. 361, 393 P.2d 673, 8 A.L.R.3d 1092]. The Court, entertaining no strong suspicion as to the guilt of any of the defendants *because of that particular decision,* orders that count to be dismissed." (Italics added.)

Since defendants had been committed to the superior court on the remaining charges, the district attorney repleaded the "statutory rape" charge in the information pursuant to Penal Code section 739.[1] The

[1]Penal Code section 739 provides: "When a defendant has been examined and committed, as provided in Section 872, it shall be the duty of the district attorney of the county in which the offense is triable to file in the superior court of that county within 15 days after the commitment, an information against the defendant which

superior court in granting the 995 motion as to the rape charge stated no grounds therefor, but as to the remaining charges based its ruling on the determination that Penal Code section 288a is unconstitutional.

The case against the defendants as presented before the magistrate rested principally on the testimony of three young women, one of whom was 14 years of age. They testified essentially that they performed acts of sexual intercourse and oral copulation with various individuals during the course of a commercial movie-making venture in which the defendants participated variously as performers, camera operators and producers.

As is usually the case, the defendants offered no evidence at the preliminary hearing, hence the testimony of the People's witnesses was uncontroverted and on its face was abundantly adequate to support all of the charges alleged in the information.

Concerning the charge of rape (Pen. Code, § 261.5) the record discloses simply that as a result of defendants' activities a 14-year-old girl engaged in sexual intercourse with defendant Zeihm before an operating motion picture camera. The record is devoid of testimony by anyone that any of the defendants believed the child to be over 18 years of age. In fact there was evidence that at least two of the defendants knew otherwise. The child herself testified that she was 5 feet 4 inches tall and weighed about 107 pounds. Except for this testimony as to her having reached an average height and weight which might also be descriptive of an older female, we are left in the dark as to why the magistrate felt obliged to apply the doctrine of *People* v. *Hernandez, supra.*

*Hernandez* held simply that in a *trial* of the charge of "statutory rape" a defendant may establish his lack of criminal intent and thus his lack of guilt by proof of a good faith belief that the victim was of the age of consent. There the victim was of an age of 17 years and 9 months, yet the trial court had rejected defendant's offer to prove his belief that the act was not criminal. The Supreme Court held that the evidence should have been admitted. In short, the act of intercourse in *Hernandez* would have been a noncriminal act but for the age of the victim and it would remain noncriminal if the defendant in fact believed the victim to be of age. This is a far cry from the position of the defendants here.

The *Hernandez* court articulated its desire to continue support of the

may charge the defendant with either the offense or offenses named in the order of commitment or any offense or offenses shown by the evidence taken before the magistrate to have been committed. The information shall be in the name of the people of the State of California and subscribed by the district attorney."

"sound policy that it is in the public interest to protect the sexually naive female from exploitation." It also stated that "No responsible person would hesitate to condemn as untenable a claimed good faith belief in the age of consent of an 'infant' female whose obviously tender years preclude the existence of reasonable grounds for that belief. . . . This is not to say that the granting of consent by even a sexually sophisticated girl known to be less than the statutory age is a defense." (P. 536.)

The heart of the *Hernandez* decision is contained in the further quote from page 536: "We hold only that, in the absence of a legislative direction otherwise, a charge of statutory rape is *defensible wherein a criminal intent is lacking.*" (Italics added.) The implication is clear that belief as to age is a matter of defense and is not part of the prosecution's burden of proof.

In the case at bar the defendants have at this stage neither *defended nor shown any lack of criminal intent.* On the basis of the evidence presented to the magistrate it can only be concluded that defendants were engaged in illegal commercial exploitation of sex and perversion. There was no evidence upon which the magistrate or the superior court could have found that defendants entertained a belief that the child victim was over 18 years, and in any event since their conduct was otherwise illegal, "a mistake of fact relating only to the gravity of an offense will not shield a deliberate offender from the full consequences of the wrong actually committed. [Citations.] (*People* v. *Lonez,* 271 Cal.App.2d 754, at p. 761 [77 Cal.Rptr. 59].) (Also see *People* v. *Toliver,* 270 Cal.App.2d 492 [75 Cal.Rptr. 819].) In short, we do not believe that the shield of *Hernandez* is available to persons engaged in commercial vice activities. A defendant who exploits women in the field of prostitution and has women perform sex acts for money in making pornographic movies which is a form of prostitution, has the burden of making sure that his victims are of the age of consent.

■ When an essential fact has been resolved adversely to the People, an information containing the count that charges the offense in regard to which the adverse determination of fact pertains may not be filed in absence of a new preliminary examination or grand jury hearing. (*People* v. *Uhlemann,* 9 Cal.3d 662 [108 Cal.Rptr. 657, 511 P.2d 609]; *Jones* v. *Superior Court,* 4 Cal.3d 660 [94 Cal.Rptr. 289, 483 P.2d 1241].) On the other hand where there is no factual dispute to be resolved and the issue is one of law, the dismissed charge may be pleaded in an information without the necessity of a new preliminary examination. (*People* v. *Farley,* 19 Cal.App.3d 215 [96 Cal.Rptr. 478].)

 Here the magistrate's dismissal of the rape count was based not on any evidentiary deficiency or the resolution of any factual dispute, but on an erroneous application of the law. The same is true of the superior court's ruling on the 995 motion. The charge of violation of Penal Code section 261.5 as contained in the information was not vulnerable to a motion under Penal Code section 995.

 In support of the superior court's determination that Penal Code section 288a is unconstitutional, defendants make a number of assertions, some of which are unsupported by anything more than their own unsubstantiated statements as to the sexual behavior of American society.

All of defendants' attacks on the constitutionality of the statute, except one, are completely answered by *People* v. *Parker,* 33 Cal.App.3d 842 [109 Cal.Rptr. 354], and *People* v. *Baldwin,* 37 Cal.App.3d 385 [112 Cal.Rptr. 290], upholding the validity of the statute as a proper exercise of the Legislature's prerogative.

Defendants' one remaining contention is that because of the. operation of Penal Code section 290 (registration of sex offenders) a conviction of violating Penal Code section 288a could result in defendants being required to register as convicted sex offenders. This penalty, they argue, would, under the circumstances, amount to cruel and unusual punishment citing *People* v. *Anderson,* 6 Cal.3d 628 [100 Cal.Rptr. 152, 493 P.2d 880].)

Obviously defendants' complaint in this regard is with the registration statute, Penal Code section 290, itself and not the statute which they are charged with violating. The application of the registration statute is not before us.

The order setting aside the information is reversed.

Roth, P. J., and Fleming, J., concurred.

A petition for a rehearing was denied August 22, 1974, and the petition of respondent Coffman for a hearing by the Supreme Court was denied October 10, 1974.