[Crim. No. 3223. Fifth Dist. Mar. 29, 1979.]

THE PEOPLE, Plaintiff and Respondent, v.
STEPHEN FRANK SANTIBANEZ, Defendant and Appellant.

**COUNSEL ·**

Philip C. Blanton, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger and George Deukmejian, Attorneys General, Jack R. Winkler, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Willard F. Jones and Jane Kirkland Fischer, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**FRANSON, J.**—Appellant appeals his conviction following a plea of nolo contendere to violation of Penal Code section 288a, subdivision (e)—participating in an act of oral copulation while confined in the Kern County jail.[1] Appellant's sole contention is that the statute is unconstitutional in that it violates his fundamental right of sexual privacy, denies him equal protection of the law, and imposes cruel and unusual punishment. For the reasons to be explained, we hold that the statute withstands these constitutional challenges.

■ Appellant argues that the constitutional right to privacy in the area of family and sexual matters (*Roe* v. *Wade* (1973) 410 U.S. 113 [35 L.Ed.2d 147, 93 S.Ct. 705]; *Eisenstadt* v. *Baird* (1972) 405 U.S. 438, 453 [31 L.Ed.2d 349, 362, 92 S.Ct. 1029]; *Griswold* v. *Connecticut* (1965) 381 U.S. 479, 485-486 [14 L.Ed.2d 510, 515-516, 85 S.Ct. 1678]) should be extended to those persons confined in state prison or county jail so as to legitimize consensual sexual conduct between adult prisoners. However, it is clear that prisoners have no cognizable right to sexual privacy in a jail cell. In *People* v. *Frazier* (1967) 256 Cal.App.2d 630 [64 Cal.Rptr. 447], which

---

[1]Penal Code section 288a, subdivision (e) provides that "[a]ny person who participates in an act of oral copulation while confined in any state prison, as defined in section 4504 or in any local detention facility as defined in section 6031.4, shall be punished by imprisonment in the state prison, or in a county jail for a period of not more than one year."

involved a prosecution for acts of sodomy committed in a prison, it was held that the right of privacy enunciated in *Griswold, supra,* 381 U.S. 479, has no application in a prison setting. (*Id.,* at p. 631.) This holding is consistent with the general rule that prisoners have a much lesser expectation of privacy than do other citizens. (*People* v. *Hill* (1974) 12 Cal.3d 731, 764-765 [117 Cal.Rptr. 393, 528 P.2d 1], overruled on other grounds in *People* v. *DeVaughn* (1977) 18 Cal.3d 889, 896, fn. 5 [135 Cal.Rptr. 786, 558 P.2d 872]; *North* v. *Superior Court* (1972) 8 Cal.3d 301, 308 [104 Cal.Rptr. 833, 502 P.2d 1305, 57 A.L.R.3d 155].) "A [person] detained in jail cannot reasonably expect to enjoy the privacy afforded to a person in free society. His lack of privacy is a necessary adjunct to his imprisonment." (*People* v. *Morgan* (1961) 197 Cal.App.2d 90, 93 [16 Cal.Rptr. 838], quoted with approval in *North* v. *Superior Court, supra,* 8 Cal.3d at p. 309.) Moreover, since appellant's participation in the acts of oral copulation occurred in a 12-man cell of a county jail, he cannot reasonably assert an objective expectation of privacy as to his sexual behavior.

■ Appellant next contends that section 288a, subdivision (e) violates the equal protection clauses of the United States and California Constitutions because that section prohibits consensual acts of oral copulation between prisoners while such acts are permissible in California between two consenting adults who are not prisoners. ■ We first observe that the equal protection clause does not preclude the state from drawing *any* distinction between groups or individuals; classifications may be upheld where they are not arbitrary but are based upon some difference in the classes having a substantial relation to a legitimate object to be accomplished. Equal protection requires only that persons similarly situated with respect to the legitimate purpose of the law receive like treatment. (*Brown* v. *Merlo* (1973) 8 Cal.3d 855, 861 [106 Cal.Rptr. 388, 506 P.2d 212, 66 A.L.R.3d 505]; see also 5 Witkin, Summary of Cal. Law (8th ed. 1974) Constitutional Law, § 341, p. 3635.)

■ Under the two-tier approach to equal protection challenges, a statute should be subjected to strict judicial scrutiny if it discriminates on the basis of a suspect classification or infringes on a fundamental right; otherwise, the classification is presumed constitutional and will be overturned only if the challenger demonstrates that it is not rationally related to a legitimate government purpose. (*Weber* v. *City Council* (1973) 9 Cal.3d 950, 958-959 [109 Cal.Rptr. 553, 513 P.2d 601]; *Hetherington* v. *State Personnel Bd.* (1978) 82 Cal.App.3d 582, 588, 590 [147 Cal.Rptr. 300]; see also 5 Witkin, Summary of Cal. Law, *supra,* Constitutional Law,

§ 343, p. 3639.) ▮ The statute punishing prisoners for consensual oral copulation while permitting adults outside the prison to engage in such conduct, does not discriminate on the basis of a suspect classification. The United States Supreme Court has observed: " '[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system.' " (*Pell* v. *Procunier* (1974) 417 U.S. 817, 822 [41 L.Ed.2d 495, 501, 94 S.Ct. 2800] quoting from *Price* v. *Johnston* (1948) 334 U.S. 266, 285 [92 L.Ed. 1356, 1369, 68 S.Ct. 1049]; see also *In re Gatts* (1978) 79 Cal.App.3d 1023, 1028-1030 [145 Cal.Rptr. 419], where the rational basis test was applied in an equal protection challenge to hair length regulations applicable to prisoners.) Nor does the statute infringe on any fundamental right. As we have explained, appellant has no absolute right to sexual privacy in jail. Thus, the proper standard of review of the equal protection challenge is the "rational basis" test.

The obvious governmental purpose behind the statute is the maintenance of prison discipline and order. The statute appears to be rationally related to that purpose because homosexual contacts between prisoners can lead to violent altercations (see *People* v. *Frazier, supra,* 256 Cal.App.2d 630, 631). Appellant's argument that consensual sexual conduct between prisoners will not lead to violence is rebutted by the fact that victims may be reluctant to report sexual assaults occurring in prisons because they fear retribution from other prisoners with whom they must live in close proximity. Therefore, subdivision (e) helps to control violence in penal institutions by prohibiting sexual acts which though forced, might not be reported as such. Furthermore, even consensual acts of oral copulation between prisoners might have a disruptive effect when viewed by the other prisoners who may constitute a captive audience. Thus, the statute is rationally related to the legitimate purpose of maintaining prison order and discipline.

▮ Appellant's final contention is that Penal Code section 288a, subdivision (e) imposes a cruel and unusual punishment. He appears to argue that because such behavior by consenting adults outside a prison or jail setting is lawful, any punishment of prisoners for such conduct necessarily must be considered cruel and unusual. However, assuming the constitutional validity of the Legislature's determination that oral copulation between prisoners should be classified as a criminal offense, it necessarily follows that some degree of punishment for the crime is permissible. Oral copulation is not a "status" offense such as drug

addiction, prostitution or homosexuality for which criminal punishment is prohibited (see *Robinson* v. *State of California* (1962) 370 U.S. 660).

A sentence may constitute cruel and unusual punishment if it is "so disproportionate to the crime for which it is inflicted that it shocks the conscience and offends fundamental notions of human dignity." (*In re Lynch* (1972) 8 Cal.3d 410, 424 [105 Cal.Rptr. 217, 503 P.2d 921], fn. omitted.) We cannot hold that the punishment provided by subdivision (e) is shockingly disproportionate to the crime. Numerous California decisions have rejected the contention that punishment of oral copulation under former section 288 was cruel and unusual. (See, e.g., *People* v. *Hurd* (1970) 5 Cal.App.3d 865, 876-877 [85 Cal.Rptr. 718]; *People* v. *Roberts* (1967) 256 Cal.App.2d 488, 495 [64 Cal.Rptr. 70].)

The judgment is affirmed.

Brown (G. A.), P. J., and Hopper, J., concurred.