[No. F060606. Fifth Dist. Nov. 2, 2011.]

THE PEOPLE, Plaintiff and Respondent, v.
MAURICE RUFFIN, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

*Pursuant to California Rules of Court, rule 8.1105(c)(4), this opinion is certified for publication with the exception of part 1. of the Discussion.

COUNSEL

Peggy A. Headley, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Catherine Chatman and Janet E. Neeley, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**GOMES, Acting P. J.**—Pursuant to a negotiated settlement, prison inmate Maurice Ruffin pled no contest to a sex offense with the understanding that the court was to determine later whether the law required him to register as a sex offender. On appeal, he challenges as a violation of his constitutional right to equal protection the court's later order requiring him to register. We reverse.

## FACTUAL BACKGROUND

On October 4, 2008, a correctional officer monitoring a California State Prison, Corcoran, visiting area saw a female visitor moving her head in Ruffin's lap in an apparent act of oral copulation.[1]

## PROCEDURAL BACKGROUND

On September 3, 2009, an information charged Ruffin with oral copulation while confined in state prison (count 1; Pen. Code, § 288a, subd. (e))[2] and with lewd conduct in a public place (count 2; § 647, subd. (a)) and alleged two 2002 prior robbery convictions as serious felonies, violent felonies, or juvenile adjudications under the three strikes law (§§ 211, 667, subds. (b)–(i), 1170.12, subds. (a)–(d)).

On May 28, 2010, Ruffin entered into a negotiated settlement in which he pled no contest to oral copulation in return for the court's imposition of a mitigated 16-month consecutive sentence and dismissal of the strike priors and the lewd conduct, with the understanding that the court was to determine at sentencing if the law required him to register as a sex offender. On July 7,

---

[1] The preliminary hearing transcript is the stipulated factual basis of Ruffin's plea.

[2] Later statutory references are to the Penal Code unless otherwise noted.

2010, the court imposed the agreed upon prison term, determined that the law required him to register, and ordered him to register.

## DISCUSSION

### 1. *Forfeiture*\*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### 2. *Equal Protection*

Ruffin argues that the statutory requirement to register as a sex offender violates his constitutional right to equal protection. The Attorney General argues the contrary.

■ A prison inmate who commits an act of oral copulation with *any* consenting adult is subject to mandatory lifetime registration as a sex offender, but a prison guard who commits an act of oral copulation with a consenting adult who is a *prison inmate* is not. (§§ 288a, subd. (e), 289.6, subd. (a)(2),[4] 290, subd. (c).) ■ Both the federal and the state Constitutions provide that no person may be denied equal protection of the laws. (U.S. Const., 14th Amend., § 1; Cal. Const., art. I, § 7, subd. (a).) The issue here is whether that distinction violates the equal protection clauses of the federal and state Constitutions.

" 'The first prerequisite to a meritorious claim under the equal protection clause is a showing that the state has adopted a classification that affects two or more *similarly situated* groups in an unequal manner.' " (*People v. Hofsheier* (2006) 37 Cal.4th 1185, 1199 [39 Cal.Rptr.3d 821, 129 P.3d 29] original italics (*Hofsheier*).) "Under the equal protection clause, we do not inquire 'whether persons are similarly situated for all purposes, but "whether they are similarly situated for purposes of the law challenged." ' " (*Id.* at pp. 1199–1200.) Since section 288a, subdivision (e) and section 289.6, subdivision (a)(2) both criminalize acts of oral copulation with consenting adults in prison, the two groups—prison inmates who commit acts of oral copulation with *any* consenting adults and prison guards who commit acts of oral copulation with consenting adults who are *prison inmates*—" 'are sufficiently similar to merit application of some level of scrutiny to determine whether distinctions between the two groups justify the unequal treatment.' " (*Hofsheier, supra*, 37 Cal.4th at p. 1200.)

---

\*See footntote, *ante*, page 669.

[4] With reference to a prison guard, section 289.6 criminalizes sexual activity by an "employee or officer of a public entity detention facility" with "a consenting adult who is confined in a detention facility." (§ 289.6, subd. (a)(2).)

"In resolving equal protection issues, the United States Supreme Court has used three levels of analysis. Distinctions in statutes that involve suspect classifications or touch upon fundamental interests are subject to strict scrutiny, and can be sustained only if they are necessary to achieve a compelling state interest. Classifications based on gender are subject to an intermediate level of review. But most legislation is tested only to determine if the challenged classification bears a rational relationship to a legitimate state purpose." (*Hofsheier, supra,* 37 Cal.4th at p. 1200.) The specific issue before us is whether the imposition of mandatory lifetime registration on Ruffin for committing *any* act of oral copulation in prison, where the law imposes *no* mandatory lifetime registration on a prison guard who commits an act of oral copulation with a prison inmate, violates the rational relationship test.

■ In the area of social policy, if any reasonably conceivable state of facts could provide a rational basis for a statutory classification that neither proceeds along suspect lines nor infringes fundamental constitutional rights, the duty of the appellate court is to reject an equal protection challenge. (*Hofsheier, supra,* 37 Cal.4th at pp. 1200–1201.) In short, if there are plausible reasons for the classification, the inquiry is at an end. (*Id.* at p. 1201.) The United States Supreme Court notes that "those attacking the rationality of the legislative classification have the burden 'to negative every conceivable basis which might support it.' " (*FCC v. Beach Communications, Inc.* (1993) 508 U.S. 307, 315 [124 L.Ed.2d 211, 113 S.Ct. 2096].) "But," our Supreme Court observes, "this is not an impossible task." (*Hofsheier, supra,* 37 Cal.4th at p. 1201.) Our duty is to ask whether the statutory classifications at issue are rationally related to realistically conceivable legislative purposes, not to invent fictitious purposes that could not have been within the contemplation of the Legislature. (*Ibid.*)

Case law articulates the legislative purposes of the statutes proscribing oral copulation in prison by prison inmates and prison guards with consenting adults. The Legislature enacted section 288, subdivision (e) for the purpose of "maintaining prison order and discipline" (*People v. Santibanez* (1979) 91 Cal.App.3d 287, 291 [154 Cal.Rptr. 74]) and enacted section 289.6, subdivision (a)(2) for the purpose of "deterring the sexual abuse of persons in custody by their custodians" (*People v. Bojorquez* (2010) 183 Cal.App.4th 407, 426 [106 Cal.Rptr.3d 915]). The legislative purposes of both statutes are to control custodial behavior.

■ With reference to the legislative purposes of mandatory lifetime registration, our Supreme Court notes that the purpose of section 290 is to assure that persons convicted of the crimes listed in the statute are readily available for law enforcement surveillance at all times since the Legislature

deemed those persons likely to commit similar offenses in the future. (*Hofsheier, supra*, 37 Cal.4th at p. 1196.) Both of Ruffin's priors were robberies, not sex crimes. His crime in prison—oral copulation with a consenting adult—is a legal act outside prison. So imposing mandatory lifetime registration would make him readily available for law enforcement surveillance of legal behavior. That is hardly a realistically conceivable legislative purpose.

"In recent years," our Supreme Court observes, "section 290 registration has acquired a second purpose: to notify members of the public of the existence and location of sex offenders so they can take protective measures." (*Hofsheier, supra*, 37 Cal.4th at p. 1196.) Imposing mandatory lifetime registration would enable members of the public to take protective measures against Ruffin's legal behavior. Such an absurdity falls under the rubric of a fictitious purpose that could not have been within the contemplation of the Legislature.

■ In summary, we perceive no reason why the Legislature would conclude that prison inmates who commit acts of oral copulation with consenting adults, as opposed to prison guards who commit acts of oral copulation with consenting adults who are prison inmates, constitute a class of " 'particularly incorrigible offenders' " requiring mandatory lifetime registration as sex offenders. (*Hofsheier, supra*, 37 Cal.4th at p. 1207, quoting *Newland v. Board of Governors* (1977) 19 Cal.3d 705, 712 [139 Cal.Rptr. 620, 566 P.2d 254].) We hold that the statutory classification at issue violates the equal protection clauses of both the federal and the state Constitutions. Our holding in no way precludes the Legislature from requiring mandatory lifetime registration of *both* groups—prison inmates who commit acts of oral copulation with consenting adults *and* prison guards who commit acts of oral copulation with consenting adults who are prison inmates—so as to treat both groups the same. (*Hofsheier, supra*, 37 Cal.4th at p. 1207.)

In choosing a remedy for the equal protection violation before us, our primary concern is to ascertain, as best as we can, which alternative the Legislature would prefer. (*Hofsheier, supra*, 37 Cal.4th at p. 1207.) Some statutes contain severability clauses to make the legislative preference explicit (see *Heckler v. Mathews* (1984) 465 U.S. 728, 739–740 [79 L.Ed.2d 646, 104 S.Ct. 1387]), but section 290 contains none. So we reject out of hand the polar opposite remedies of invalidating all of section 290's mandatory lifetime registration requirements and of imposing a mandatory lifetime registration requirement on prison guards who commit acts of oral copulation with consenting adults who are prison inmates and choose instead the remedy we believe the Legislature would find preferable—eliminating section 290's

mandatory lifetime registration requirement for prison inmates who commit acts of oral copulation with consenting adults. (*Hofsheier, supra*, 37 Cal.4th at pp. 1207–1208.)

Our holding that section 290's lifetime registration requirement cannot be applied constitutionally to Ruffin requires that we order a remand for the court to determine if he falls in the discretionary category of persons who "committed the offense as a result of sexual compulsion or for purposes of sexual gratification." (§ 290.006.) If he does, the court may, within the exercise of its discretion, order mandatory lifetime registration as a sex offender under that statute. (*Hofsheier, supra*, 37 Cal.4th at pp. 1208–1209.)[5]

## DISPOSITION

The matter is remanded for the court to remove the requirement that Ruffin register as a sex offender pursuant to section 290, to determine whether he is subject to discretionary registration pursuant to section 290.006, and, if so, to exercise its discretion whether to order him to register under that statute.

Franson, J., concurred.

**POOCHIGIAN, J.,** Concurring.—I concur in the majority opinion remanding the matter to the trial court to exercise its discretion on the issue of whether appellant should be subjected to a registration requirement. We are compelled to do so in accordance with the Supreme Court's decision in *People v. Hofsheier* (2006) 37 Cal.4th 1185 [39 Cal.Rptr.3d 821, 129 P.3d 29] (*Hofsheier*). I write separately to comment upon anomalous aspects of the statutory scheme in which legislative review may be beneficial.

The substantive criminal statutes at issue in our equal protection analysis are Penal Code[1] sections 288a, subdivision (e) and 289.6, subdivision (a)(2). Section 288a pertains to the criminal act of oral copulation. Generally, section 288a provides criminal penalties for acts in which there is a party who is a minor or where the act is performed against the person's will or with a victim who is unaware, defrauded, unconscious, or otherwise incapable of knowingly participating or giving legal consent. The single exception to the general approach is section 288a, subdivision (e) which deals with persons who may be consenting adults.

Although the act among consenting adults in the general population of society is not unlawful, the fact that section 288a, subdivision (e) may punish

---

[5] Our holding moots Ruffin's argument about the exercise of judicial discretion not to order him to register.

[1] All further statutory references are to the Penal Code unless otherwise stated.

prisoners for the same conduct was deemed not to violate the equal protection clause by this court in *People v. Santibanez* (1979) 91 Cal.App.3d 287 [154 Cal.Rptr. 74] (*Santibanez*). While section 288a, subdivision (e) may be charged against adults giving consent, the inclusion of the subdivision is not in itself illogical. However, the fact that section 288a, subdivision (e) is incorporated in section 290, the mandatory sex offender registration statute, is confounding for reasons described below.

We cite *Santibanez* for its holding that "[t]he obvious governmental purpose behind the statute [(§ 288a, subd. (e))] is the maintenance of prison discipline and order." (*Santibanez, supra*, 91 Cal.App.3d at p. 291.) One may argue whether a similar purpose is served by section 289.6, subdivision (a)(2) which criminalizes sexual activity involving an employee or officer of a public entity detention facility and a confined consenting adult. Of course, this is the focus of appellant's denial of equal protection claim. The majority opinion, applying the holding in *Hofsheier*, concludes that the parties identified in sections 288a, subdivision (e) and 289.6, subdivision (a)(2) are "similarly situated," a key factor in finding denial of equal protection. One may draw distinctions between the facts in the instant case and those in *Hofsheier*. For example, *Hofsheier* involved a minor victim under section 288a, subdivision (b)(1). Nonetheless, it would be a leap to distinguish *Hofsheier* on that ground in our analysis of unequal treatment of consenting adults under sections 288a, subdivision (e) and 289.6, subdivision (a)(2) and 290, subdivision (c).

While we resolve the equal protection issue consistent with *Hofsheier*, it is important to underscore the rationale behind the registration statute and point out a logical shortcoming vis-á-vis a section 288a, subdivision (e) violation. Again, as appropriately analyzed in *Santibanez*, there is a strong basis for criminal sanction of the proscribed act related to the importance of maintaining order and controlling a prison population. Nonetheless, as pointed out in *Hofsheier*, " ' " *The purpose of section 290 is to assure that persons convicted of the crimes enumerated therein shall be readily available for police surveillance at all times because the Legislature deemed them likely to commit similar offenses in the future.* [Citation.]' " ' " "In recent years, section 290 registration has acquired a second purpose: to notify members of the public of the existence and location of sex offenders . . . . [Citation.]" (*Hofsheier, supra*, 37 Cal.4th at p. 1196.)

While there is no quibbling about the underlying substantive crime, there seems no rational explanation for imposing a nondiscretionary lifetime registration requirement under circumstances involving consenting adults whose conduct would be lawful in the general population and which is properly punished if performed during incarceration (and there is no history

of other sexual offenses). To the extent that the inclusion of section 288a, subdivision (e) in the registration statute is incongruous, would the equal protection claim be resolved by either eliminating section 288a, subdivision (e) as an enumerated crime under section 290 or by including section 289.6, subdivision (a)(2)? This question must be addressed, if at all, by the Legislature.

Respondent's petition for review by the Supreme Court was denied February 15, 2012, S198594. Baxter, J., and Corrigan, J., were of the opinion that the petition should be granted.