[Crim. No. 3390. In Bank.—April 1, 1931.]

THE PEOPLE, Appellant, v. IRWIN L. PERRY, Respondent.

188

U. S. Webb, Attorney-General, John L. Flynn, Deputy Attorney-General, Leroy McCormick, District Attorney, and W. G. Machetanz, Deputy District Attorney, for Appellant.

H. A. Savage for Respondent.

W. W. Bedford and Theodore M. Stuart, *Amici Curiae* for Appellant.

RICHARDS, J.—The appeal in this case is prosecuted on behalf of the People of the state of California from a judgment of the trial court based upon its order sustaining the defendant's demurrer to the amended information without leave to amend. The defendant was prosecuted under the provisions of an act of the legislature adopted in 1929 (Stats. 1929, p. 665) relating to the purchase and handling of deciduous fruit, including grapes and dates, produced by another in the state of California. This act in section 1 thereof proceeds to define certain words and phrases used

therein, among which are "cash buyer", "consignment shipper" and "dealer". Subdivision (c) thereof reads in part as follows: " 'Cash buyer' means every person (1) who has a regular business address in California and who has registered the same in the office of the director, . . . and (3) who furnishes in writing to each grower with whom he does business his said regular California business address, and (4) who represents himself as a 'cash buyer', and (5) who purchases any deciduous fruits in California from the grower or producer thereof for the purposes of resale, and (6) who agrees by his contract and purchase to pay the purchase price upon demand following delivery, and (7) who within forty-eight hours (Sundays and legal holidays excepted) after demand has been made by said grower upon him pays or remits to said grower the full purchase price of all or any delivered portion of said deciduous fruits. . . . Demand for the purchase price must be made upon the cash buyer in writing and the mailing of a registered letter making such demand, addressed to said buyer at his said California business address, shall be conclusive evidence that demand was made upon the mailing of said letter." Subdivision (d) of said section defines the term "consignment shipper", but it is not necessary to consider this subdivision for the reason that no question involving consignment shippers arises in this case. Subdivision (e) of said section defines the word "dealer" to include "every person other than a cash buyer or consignment shipper who attempts to make money on any deciduous fruit by dealing with the grower thereof". Section 4 of said act provides: "It shall be unlawful for any person to engage in the business of a dealer in the State of California unless and until he has fully complied with all the provisions of this act." Sections 5, 6, 7 and 8 of said act provide for the formalities which must be pursued by persons desiring to engage in the business of a dealer and for the issuance to such person of a license from the director of agriculture of the state of California upon his conformity with such requirements and upon the giving of a surety bond for the faithful performance on his part of the obligations into which he enters under the authority of said license and the terms of said act. Section 16 of said act provides in part as follows: "Any person who acts as a dealer as defined

in this act without a license or having a license wilfully violates any provision of this act; or any person who represents himself as a 'cash buyer' but who is not a cash buyer as defined in this act; . . . or any cash buyer as defined in this act who wilfully refuses to make payment for deciduous fruit as and when required by this act, is guilty of a felony.'' The defendant was proceeded against as a cash buyer who, after holding himself out as such under the statute, and thereby obtaining grapes from a certain grower, wilfully refused to pay therefor following demand by the grower made in conformity with said act. There were two counts in both the original and amended information, each charging a violation of said act committed with reference to two separate sellers of deciduous fruit. To the amended information thus charging the defendant with the commission of two felonies under the terms of said act the defendant demurred upon several grounds, but chiefly upon the grounds set forth in subdivisions 1, 2 and 3 of paragraph 4 of his demurrer, and which constituted the grounds upon which the trial court sustained his demurrer. These several grounds of demurrer were predicated upon the claim that the defendant, in doing the acts embraced within the averments of the amended information, was a "dealer" and not a "cash buyer" as these terms are defined in the act, and that the provisions of the act relating to dealers constitute (1) a direct burden upon and interference with interstate commerce, and as such was in violation of article I, section 8, clause 3 of the Constitution of the United States; (2) that said act unreasonably interferes with the freedom of contract and is a deprivation of liberty and property without due process of law as guaranteed by the Fourteenth Amendment to the Constitution of the United States, section 1 thereof; (3) that said act provides for imprisonment for debt in violation of article I, section 15 of the Constitution of the State of California; (4) that said act establishes an unreasonable conclusive presumption that the mailing of a demand is evidence that such demand was made, in violation of section 1 of the Fourteenth Amendment of the federal Constitution.

The basic contention of the defendant upon which the first two of his foregoing specific objections have their foundation is that under and by virtue of sections 2 and 3 of said

act the defendant was, in the transactions complained of, a "dealer" and not a "cash buyer". Section 2 of the act reads in part as follows: "This act shall have no application to any 'cash buyer' except to such a person who fails to make payment as required by paragraph (c) of section 1, . . . nor shall this act apply to any deciduous fruit consumed fresh in this state, or dried, canned, preserved or concentrated in this state, and the purchase of any deciduous fruit from the grower for the purpose of any such use is hereby declared to be beyond the application of this act, provided said deciduous fruit is actually so used." Section 3 provides: "Whenever any person, although claiming to be a cash buyer, either (1) causes a grower to part with the control of all or any portion of his deciduous fruits by any means of proposed payment other than that specified in paragraph (c) of section 1, or (2) causes a grower to part with the control of all or any portion of his deciduous fruits by means of any contract under which the grower has waived the right to demand the purchase price as and when he parts with said control, then in either of said events said person is not a cash buyer, but is a dealer within the meaning of this act." The trial court in sustaining the demurrer of the defendant to the amended information held that the defendant was a dealer and not a cash buyer under the foregoing provisions of said act. Upon the correctness of this ruling depends the correctness of the further holding as to the unconstitutionality of said act under the first two specifications of the defendant's demurrer. It seems to us to be an irresistible conclusion that the defendant was and continued to be a cash buyer during the entire course of his negotiations with the two sellers of deciduous fruits to which the separate counts of the amended information referred. Subdivision (c) of section 1 of the act, after prescribing certain regulations with respect to the registration of the regular business address of cash buyers, proceeds to define a cash buyer as one who represents himself to be such and who purchases any deciduous fruits in California from the grower or producer thereof for purposes of resale, and who agrees by his contract of purchase to pay the purchase price upon demand following delivery. Section 16 of the act makes it a felony for any cash buyer, as defined in this act to wilfully refuse to make payment

for deciduous fruits as and when required by this act. Section 2 of the act declares that it shall have no application to any cash buyer except to such person who fails to make payment as required by paragraph (c) of section 1 of the act. Section 3 of the act provides that when any person, although claiming to be a cash buyer, causes a grower to part with the control of all or any portion of his deciduous fruit by any means of proposed payment other than that specified in paragraph (c) of section 1, or causes a grower to part with the control of all or any portion of his deciduous fruit by means of any contract under which the grower has waived the right to demand the purchase price as and when he parts with said control, then and in said event said person is not a cash buyer but is a dealer within the meaning of the act. It would seem to be too plain for argument that a cash buyer who has become such under the provisions of paragraph (c) of section 1 of the act, and who represents himself as such in the purchase of any deciduous fruits in California from the grower or producer thereof for the purposes of resale, and who agrees by his contract of purchase to pay the purchase price thereof upon demand following delivery, and who wilfully refuses to make payment for such deciduous fruit as and when required by paragraph (c) of section 1 of the act, continues to be a cash buyer and is subject to the provisions and penalties of the act as such, notwithstanding the provisions of section 3 of the act which, when rightly interpreted, exempts from its operation cash buyers who, claiming to be such, contract for, purchase and agree to pay for deciduous fruits under the conditions specified in paragraph (c) of section 1 of the act. It is impossible to conceive how a cash buyer, as defined in paragraph (c) of section 1 of the act, could be changed into a dealer as provided in section 3 of the act and still remain subject to the penalties for his refusal to pay for the deciduous fruits thus purchased and thus agreed to be paid for upon demand, which are prescribed by the express terms of section 16 of the act. It is, therefore, our conclusion that the defendant was properly proceeded against as a cash buyer who had acted in wilful disregard and in violation of section 16 of said act.

█ As a necessary result of this conclusion it follows that we are no longer concerned with the provisions of said act having relation to dealers, and if there are to be found provisions therein which in their application to dealers are obnoxious to the provisions of the Interstate Commerce Act or of the federal Constitution, in so far as the same relate to interstate commerce, these objections thereto are not available to this defendant, since in his capacity as a cash buyer he is unaffected by the provisions of the act relating to dealers to which the foregoing objections are made. █ It is well-settled law that the courts will not give their consideration to questions as to the constitutionality of a statute unless such consideration is necessary to the determination of a real and vital controversy between the litigants in the particular case before it. It is incumbent upon a party to an action or proceeding who assails a law invoked in the course thereof to show that the provisions of the statute thus assailed are applicable to him and that he is injuriously affected thereby. (5 Cal. Jur. 622; *People* v. *Steelik*, 187 Cal. 361 [203 Pac. 78].) █ It would seem to be fairly obvious that the transactions of a cash buyer by which he succeeds in purchasing from a grower or producer thereof deciduous fruits in this state, and who receives delivery thereof and who thereafter wilfully fails or refuses to pay for the same upon demand and in conformity with the terms of his said purchase and of the demand for such payment, could not be affected in any manner by the provisions of the Interstate Commerce Act or of the Constitution of the United States respecting interstate commerce. When such transactions have been consummated by the passage of the ownership and control of the product thus purchased to the cash buyer thereof it ceases to be a matter of concern to the seller or to anybody else except himself as to what he will do with his own. The only concern of the law from that time forward is that he shall pay for the property which he has thus purchased and become the owner of and of which he has received delivery in conformity with the terms of his purchase and the provisions of this act with relation thereto. By this conclusion we dispose of the objections which the defendant urged to the sufficiency of the amended information herein

in so far as these relate to his assault upon the act in question as being violative of the Interstate Commerce Act and of the provisions of the federal Constitution having relation thereto.

The defendant's objection to the validity of said act upon the ground that it unreasonably interferes with the freedom of contract and is a deprivation of liberty and property without due process of law and is for that reason obnoxious to the Fourteenth Amendment to the Constitution of the United States and to the provisions of article I of the California Constitution may be disposed of with the briefest mention. The act in question has for its obvious purpose the protection of the growers and producers of deciduous fruits in the state of California against the fraudulent conduct and acts of unconscionable persons who, representing themselves to be cash buyers, purchase and receive the delivery and ownership of their said products, and having done so, wilfully fail or refuse to pay for the same upon demand and in accordance with the terms and conditions of their purchase thereof. The statute in so providing in nowise interferes with the freedom of contracts and works no deprivation of either liberty or property when it undertakes to visit severe penalties upon those who, thus representing themselves to be cash buyers of the grower's or producer's products, undertake to defraud such grower or producer out of the price and profit of his product with which he has thus been induced to part ownership and to rely upon the purchaser's promise to pay upon demand. In the case of *Merrick* v. *N. W. Halsey & Co.*, 242 U. S. 568 [61 L. Ed. 498, 37 Sup. Ct. Rep. 227], the Supreme Court of the United States in dealing with a similar situation said: "We think the statute under review is within the power of the state. It burdens honest business it is true, but it burdens it only that under its forms dishonest business may not be done. This manifestly cannot be accomplished by mere declaration; there must be conditions imposed and provisions made for their enforcement. Expense may be caused thereby and inconvenience, but to arrest the power of the state by such considerations would make it impotent to discharge its function."

We are thus brought to a consideration of the next objection which the defendant urged upon his demurrer and

here urges, that the act under consideration is violative of article I of section 15 of the Constitution of California for the reason that it provides for imprisonment for debt. When we look to the provisions of the act in so far as it relates to those persons who hold themselves out as cash buyers of the product of the growers and producers of California, and who under this misrepresentation are enabled to purchase, become the owners of and receive delivery of such products and who thereafter wilfully refuse to pay therefor upon demand and in conformity with the terms of their purchase, we have a statute which by its penalties merely undertakes to provide for the punishment of those who have thus obtained the products and property of such growers and producers under false promises and fraudulent misrepresentation. It is the false and fraudulent nature of the transaction which is sought to be made a felony under the provisions of section 16 of the act in question, and it is this quality which removes the provisions of the act from the inhibition of the Constitution against imprisonment for debt in a civil action. The case is not distinguishable in principle from that considered by the appellate court in the matter of *In re Oswald*, 76 Cal. App. 347, 349 [244 Pac. 940], in construing the act of 1919, regulating the payment of laborers' wages, and wherein it was held that the provisions of said act rendering it a misdemeanor for an employer to wilfully refuse, neglect or omit to pay to his employee his wages then due and payable within a certain time were not violative of the constitutional inhibition against imprisonment for debt.

The final contention of the respondent is that the act establishes an unreasonable presumption that the mailing of the demand is conclusive evidence that such demand was made in violation of one of the sections of the Fourteenth Amendment of the federal Constitution. This contention, however troublesome it might prove to be, was not available to the defendant upon his demurrer to the amended information, since it relates to a rule of evidence which could not be invoked until the trial of the cause, and could only be assailed as invalid or unconstitutional when relied upon by the prosecution at the trial. Besides, the act itself in section 21 thereof declares that "if any section, subdivision, sentence, clause or phrase of this act is for

any reason held unconstitutional, such decision shall not affect the validity of the remaining portions of said act." There is no merit, therefore, in this contention of the respondent.

The judgment is reversed, with direction to the trial court to overrule the defendant's demurrer to the amended information.

Curtis, J., Langdon, J., Seawell, J., Waste, C. J., and Shenk, J., concurred.

Preston, J., dissented.

Rehearing denied.