Filed 2/9/15  P. v. Whaley CA6

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>GEORGE WHALEY,<br><br>    Defendant and Appellant. | H040068<br>(Santa Clara County<br>Super. Ct. No. 204226) |

## I.  INTRODUCTION

Since 1999, defendant George Whaley has been committed as a sexually violent predator under the Sexually Violent Predator Act (Welf. & Inst. Code, § 6600 et seq.;[1] SVPA).  (*People v. Whaley* (2008) 160 Cal.App.4th 779, 784 (*Whaley*).)  The present appeal arises from the August 5, 2013 order finding true the allegation in the People's most recent recommitment petition that he is a sexually violent predator within the meaning of section 6600 and directing that Whaley be committed to the Department of Mental Health for an indeterminate term.

On appeal, Whaley contends that (1) the 2013 amendments to section 6608, which provide that a committed person may not petition for unconditional discharge prior to a

---

[1] All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

minimum of one year on conditional release (former § 6608, subd. (k), now § 6608, subd. (m)), violate his constitutional rights to due process and equal protection; (2) this court should not follow the decision in *People v. McKee* (2012) 207 Cal.App.4th 1325 (*McKee II*) that the SVPA does not violate a committed person's constitutional right to equal protection; and (3) the current version of the SVPA violates the due process, ex post facto, and double jeopardy provisions of the California and United States Constitutions.

As we will further explain, we decline to address the issue of whether the 2013 amendments to section 6608 violate defendant's constitutional rights to due process and equal protection since those constitutional issues are not ripe for review. We find no merit in the remaining contentions on appeal and therefore we will affirm the August 5, 2013 order.

## II. FACTUAL AND PROCEDURAL BACKGROUND

The initial petition to commit Whaley as a sexually violent predator was filed in 1998. (*Whaley*, *supra*, 160 Cal.App.4th at p. 788.) The petition was based on two qualifying convictions, the 1981 rape of a 16-year-old girl and forcible oral copulation on another inmate while Whaley was in jail for the rape conviction. (*Ibid*.) After a court trial, Whaley was found to be a sexually violent predator. He was committed to the custody of the Department of Mental Health for a period of two years. (*Ibid*.)

The People subsequently filed several petitions to extend Whaley's commitment. As a result, Whaley was recommitted for additional two-year terms from January 28, 2001 to January 28, 2003; January 28, 2003 to January 28, 2005; and January 28, 2005 to January 28, 2007. (*Whaley*, *supra*, 160 Cal.App.4th at p. 788.)

On January 2, 2007 the People filed a petition to extend Whaley's commitment. (*Whaley*, *supra*, 160 Cal.App.4th at p. 788.) In May 2007, the People filed a motion seeking to retroactively convert Whaley's initial commitment as a sexually violent predator from a two-year term to an indeterminate term, pursuant to the 2006

2

amendments to sections 6604 and 6604.1 of the SPVA by Senate Bill No. 1128 (2005-2006 Reg. Sess.) and by Proposition 83. (*Whaley*, *supra*, at p. 788.) The trial court granted the motion and on May 24, 2007, ordered that Whaley's term of commitment be indeterminate retroactive to the initial commitment order. (*Id.* at p. 790.) Whaley appealed and this court reversed the order after determining that the 2006 amendments to sections 6604 and 6604.1 providing for an indeterminate term of commitment applied prospectively. (*Whaley*, *supra*, 160 Cal.App.4th at pp. 803-805.)

In April 2012 the People filed an amended January 2, 2007 petition to recommit Whaley as a sexually violent predator from January 28, 2007, to the term prescribed by law. After a court trial, the trial court issued its August 5, 2013 order finding true the allegations in the petition that Whaley was a sexually violent predator within the meaning of section 6600 and directing that Whaley be committed to the Department of Mental Health for an indeterminate term.

Whaley subsequently filed a timely notice of appeal from the August 5, 2013 commitment order. In this appeal Whaley does not challenge the trial court's finding that he meets the statutory criteria for commitment as a sexually violent predator. For that reason, we have not provided a summary of the evidence presented at the court trial.

### III. DISCUSSION

#### A. *Due Process Challenge to 2013 Amendments to Section 6608*

Defendant contends that his constitutional rights to due process and equal protection are violated by the 2013 amendments to section 6608 because now "the only way for [a committed] person to be unconditionally discharged is to successfully be placed in a conditional release program, and remain in that program for a full year."

#### 1. Unconditional Discharge under the SVPA

In 2013, the SVPA "specifie[d] two different procedures, in sections 6605 and 6608, for determining whether the mental condition of a person committed as an SVP has improved sufficiently to entitle the person to either conditional release in a community-

3

based facility or unconditional release." (*People v. Smith* (2013) 212 Cal.App.4th 1394, 1399 (*Smith*).)

Former section 6605 (now § 6604.9) applied when the State Department of Mental Health (now, State Department of State Hospitals; hereafter the Department) had determined, in conjunction with its annual report, that the committed person no longer met the definition of a sexually violent predator or conditional release was in the best interests of the person. (*People v. McKee* (2010) 47 Cal.4th 1172, 1187 (*McKee I*). When either determination was made by the Department, former section 6605, subdivision (b) mandated that " 'the director shall authorize the person to petition the court for conditional release to a less restrictive alternative or for an unconditional discharge.' " (*McKee I*, *supra*, at p. 1187.)

The SVPA previously provided that where the Department did not authorize the committed person to apply for conditional release, the committed person could file a petition for conditional release without Department authorization. (former § 6608, subd. (a);[2] see *Smith, supra,* 212 Cal.App.4th at pp. 1400-1401.)

The Legislature amended section 6608 in 2013. (Stats. 2013, ch. 182, § 3.) Effective January 1, 2014, former section 6608, subdivision (k) (now § 6608, subd. (m)) provided: "After a minimum of one year on conditional release, the committed person, with or without the recommendation or concurrence of the Director of State Hospitals, may petition the court for unconditional discharge. The court shall use the procedures described in subdivisions (a) and (b) of Section 6605 to determine if the person should be unconditionally discharged from commitment on the basis that, by reason of a diagnosed

---

[2] Former section 6608, subdivision (a) provided in part: "Nothing in this article shall prohibit the person who has been committed as a sexually violent predator from petitioning the court for conditional release or an unconditional discharge without the recommendation or concurrence of the Director of State Hospitals."

4

mental disorder, he or she is no longer a danger to the health and safety of others in that it is not likely that he or she will engage in sexually violent criminal behavior."

### 2. Analysis

The People ask that we decline to address these constitutional issues because defendant's appeal is from the August 5, 2013 commitment order, and not from any determination under the SVPA's post-commitment release procedures as set forth in sections 6605 and 6608, and therefore the issues are not ripe.

According to defendant, the issues are ripe for review because his constitutional rights to due process and equal protection are violated under the 2013 amendments to section 6608 since no committed person may petition for unconditional discharge without Department authorization before undergoing one year on conditional release. He asserts that any petition for unconditional discharge that is filed before the committed person has been on conditional release for one year will be dismissed. Defendant also argues that the constitutional issues should be decided now because future litigation of a petition for unconditional discharge will result in an extension of his time in custody although he is not a sexually violent predator.

Additionally, defendant asserts that because the California Supreme Court's ruling in *McKee I*, supra, 47 Cal.4th 1172 that an indeterminate term of commitment under the SVPA did not violate process was based on a prior version of section 6608, the reasoning of *McKee I* does not apply to the current issue of whether the 2013 amendments to section 6608 violate due process.

We agree with the People that the issue is not ripe for review. "The ripeness requirement, a branch of the doctrine of justiciability, prevents courts from issuing purely advisory opinions. [Citation.] It is rooted in the fundamental concept that the proper role of the judiciary does not extend to the resolution of abstract differences of legal opinion. It is in part designed to regulate the workload of courts by preventing judicial consideration of lawsuits that seek only to obtain general guidance, rather than to resolve

5

specific legal disputes. However, the ripeness doctrine is primarily bottomed on the recognition that judicial decisionmaking is best conducted in the context of an actual set of facts so that the issues will be framed with sufficient definiteness to enable the court to make a decree finally disposing of the controversy." (*Pacific Legal Foundation v. California Coastal Com.* (1982) 33 Cal.3d 158, 170.)

The ripeness requirement applies to constitutional issues. "A fundamental and longstanding principle of judicial restraint requires that courts avoid reaching constitutional questions in advance of the necessity of deciding them. [Citations.]" (*Lyng v. Northwest Indian Cemetery Prot. Assn*. (1988) 485 U.S. 439, 445-446; *Santa Clara County Local Transportation Authority v. Guardino* (1995) 11 Cal.4th 220, 230-231 [same].) Under "our constitutional system courts are not roving commissions assigned to pass judgment on the validity of the Nation's laws. [Citation.] Constitutional judgments . . . are justified only out of the necessity of adjudicating rights in particular cases between the litigants brought before the Court." (*Broadrick v. Oklahoma* (1973) 413 U.S. 601, 610-611.)

Thus, "[i]t is well-settled law that the courts will not give their consideration to questions as to the constitutionality of a statute unless such consideration is necessary to the determination of a real and vital controversy between the litigants in the particular case before it." (*People v. Perry* (1931) 212 Cal. 186, 193 (*Perry*).) In other words, "[o]ne who seeks to raise a constitutional question must show that his rights are affected injuriously by the law which he [or she] attacks and that he [or she] is actually aggrieved by its operation. [Citations.]" (*People v. Williams* (1966) 247 Cal.App.2d 169, 170; see also *People v. Carroll* (2007) 158 Cal.App.4th 503, 508, fn. 2 [declining to issue advisory opinion on the constitutionality of § 6605, subd. (d) of the SVPA].)

In the present case, defendant has appealed from the August 5, 2013 order finding him to be a sexually violent predator within the meaning of section 6600 and directing that he be committed to the Department of Mental Health for an indeterminate term.

Defendant has not appealed from an order or judgment arising from a petition for unconditional discharge under former section 6608, subdivision (k) (now § 6608, subd. (m)). Accordingly, defendant has not shown that he has been aggrieved by the operation of section 6608 or that consideration of the constitutionality of section 6608 is necessary to the determination of a real and vital controversy arising from the August 5, 2013 order. (See *Perry*, *supra*, 212 Cal. at p. 193.) We therefore decline to issue an advisory opinion on the issue of whether the provision of former section 6608, subdivision (k) (now § 6608, subd. (m)) requiring a committed person to undergo one year of conditional release before filing a petition for conditional release without Department authorization violates defendant's constitutional rights to due process and equal protection.

### B. *Equal Protection Challenge to the SVPA*

Defendant contends that a commitment for an indeterminate term under the SVPA violates the equal protection clauses of the federal and state Constitutions. Defendant acknowledges that his equal protection argument was rejected in *McKee II*, *supra*, 207 Cal.App.4th 1325 and also rejected in subsequent appellate court decisions, including: *People v. McDonald* (2013) 214 Cal.App.4th 1367 (*McDonald*), *People v. Landau* (2013) 214 Cal.App.4th 1 (*Landau*), *People v. McCloud* (2013) 213 Cal.App.4th 1076, and *People v. McKnight* (2012) 212 Cal.App.4th 860 (*McKnight*). He states that he wishes to preserve his equal protection claim for federal review and therefore makes an abbreviated argument on the issue. Our analysis of the issue will be similarly brief in light of defendant's statement that he has raised the issue solely for purposes of federal review.

### 1. Brief Overview of the SVPA

The SVPA provides for the involuntary civil commitment, for treatment and confinement, of an individual who is found by a unanimous jury verdict (§ 6603, subds. (e), (f)), and beyond a reasonable doubt (§ 6604), to be a "sexually violent predator" (*ibid.*). The definition of a sexually violent predator (SVP) is set forth in

7

section 6600, subdivision (a)(1) as follows: " 'Sexually violent predator' means a person who has been convicted of a sexually violent offense against one or more victims and who has a diagnosed mental disorder that makes the person a danger to the health and safety of others in that it is likely that he or she will engage in sexually violent criminal behavior."

The SVPA was amended twice in 2006. Prior to those amendments, an individual determined to be an SVP was committed to the custody of the Department for a two-year term. The individual's term of commitment could be extended for additional two-year periods. (Former § 6604, as amended by Stats. 2000, ch. 420, § 3; former § 6604.1, as amended by Stats. 2000, ch. 420, § 4.)

On September 20, 2006, the Governor signed into law Senate Bill No. 1128, which amended the SVPA effective immediately. (Stats. 2006, ch. 337, § 62.) Among other changes, the amended SVPA provided for an indeterminate term of commitment, and the references to two-year commitment terms and extended commitments in sections 6604 and 6604.1 were eliminated. (Stats. 2006, ch. 337, §§ 55, 56.)

Less than two months later, voters approved Proposition 83, which amended the SVPA effective November 8, 2006. (See Cal. Const., art. II, § 10, subd. (a).) Like Senate Bill No. 1128, Proposition 83 amended the SVPA to provide that an SVP's commitment term is "indeterminate." (§ 6604; see § 6604.1.) Proposition 83 also eliminated all references to a two-year term of commitment and most references to an extended commitment in sections 6604 and 6604.1. Thus, a person found to be an SVP under the SVPA is now subject to an indeterminate term of involuntary civil commitment. (*Whaley, supra,* at pp. 785-787.)

### 2. *McKee I*

In *McKee I*, the California Supreme Court considered the defendant's argument that his indeterminate commitment under the SVPA violated his equal protection rights because the SVPA treats SVP's significantly less favorably than similarly situated

8

individuals who are civilly committed under other statutes. (*McKee I*, *supra*, 47 Cal.4th at p. 1196.)

The California Supreme Court first determined in *McKee I* that SVP's and mentally disordered offenders (MDO's) are similarly situated for equal protection purposes because they have been involuntarily committed with the objectives of treatment and protection of the public. (*McKee I*, *supra*, 47 Cal.4th at p. 1203.) The court also found that SVP's and those who had been adjudged not guilty by reason of insanity (NGI's) are similarly situated and "a comparison of the two commitment regimes raises similar equal protection problems . . . ." (*Id.* at p. 1207.) Consequently, the court agreed with the defendant "that, as with MDO's, the People have not yet carried their burden of justifying the differences between the SVP and NGI commitment statutes." (*Ibid.*) However, the California Supreme Court did "not conclude that the People could not meet [their] burden of showing the differential treatment of SVP's is justified." (*Ibid.*) The court gave the People "an opportunity to make the appropriate showing on remand," noting that the People would have to show that "notwithstanding the similarities between SVP's and MDO's, the former as a class bear a substantially greater risk to society, and that therefore imposing on them a greater burden before they can be released from commitment is needed to protect society." (*Id.* at p. 1208.)

The *McKee I* court remanded the case to the trial court with instructions to, among other things, "determine whether the People, applying the equal protection principles articulated in [*In re Moye* (1978) 22 Cal.3d 457] and related cases . . . can demonstrate the constitutional justification for imposing on SVP's a greater burden than is imposed on MDO's and NGI's in order to obtain release from commitment." (*McKee I*, *supra*, 47 Cal.4th at pp. 1208-1209, fn. omitted.)

### 3. *McKee II*

On remand from *McKee I*, "the trial court conducted an evidentiary hearing to determine whether the People could justify the [SVPA's] disparate treatment of SVP's

9

under the strict scrutiny standard for equal protection claims. . . . The court issued a 35-page statement of decision summarizing the extensive testimonial and documentary evidence presented at the hearing and finding the People had met their burden to establish, by a preponderance of the evidence, that the disparate treatment of SVP's under the [SVPA] was based on a reasonable perception of the greater and unique dangers they pose compared to MDO's and NGI's." (*McKee II, supra,* 207 Cal.App.4th at p. 1332.)

McKee appealed, and Division One of the Fourth Appellate District affirmed the trial court's order. (*McKee II, supra,* 207 Cal.App.4th at pp. 1330-1331, 1350.) In *McKee II*, the appellate court explained that it would "independently determine whether the People presented substantial, factual evidence to support a reasonable perception that SVP's pose a unique and/or greater danger to society than do MDO's and NGI's, thereby justifying the disparate treatment of SVP's under the [SVPA]." (*Id.* at p. 1338.)

After performing its independent review of the evidence presented in the 21-day evidentiary hearing held in the trial court (*McKee II, supra,* 207 Cal.App.4th at p. 1330), the *McKee II* court made several findings. First, with respect to recidivism, the court determined that the expert witness testimony of three psychologists, as well several studies and the Static-99 data comparing recidivism rates, was sufficient to show that sexually violent predators posed a higher risk of recidivism than MDO's or NGI's. (*Id.* at p. 1342.)

Second, the *McKee II* court concluded that "there is substantial evidence to support a reasonable perception by the electorate, as a legislative body, that the harm caused by child sexual abuse and adult sexual assault is, in general, a greater harm than the harm caused by other offenses and is therefore deserving of more protection." (*McKee II, supra,* 207 Cal.App.4th at pp. 1343-1344.)

Third, the *McKee II* court found that there was "substantial evidence to support a reasonable perception by the electorate that SVP's have significantly different diagnoses from those of MDO's and NGI's, and that their respective treatment plans, compliance,

10

and success rates are likewise significantly different. . . . Furthermore, there is substantial evidence to support a reasonable inference that an indeterminate, rather than a determinate (e.g., two-year), term of civil commitment supports, rather than detracts from, the treatment plans for SVP's." (*McKee II*, *supra*, 207 Cal.App.4th at p. 1347.)

The appellate court therefore concluded in *McKee II* that "the People on remand met their burden to present substantial evidence, including medical and scientific evidence, justifying the amended [SVPA's] disparate treatment of SVP's (e.g., by imposing indeterminate terms of civil commitment and placing on them the burden to prove they should be released). [Citation.]" (*McKee II*, *supra*, 207 Cal.App.4th at p. 1347.) Accordingly, the trial court's order rejecting the defendant's equal protection claim and affirming his indeterminate commitment under the SVPA was upheld. (*Id.* at p. 1350.) The California Supreme Court denied review of *McKee II* on October 10, 2012, and therefore the proceedings on remand from *McKee I* are now final.

### 4. Analysis

Defendant urges this court not to follow *McKee II* and to undertake an independent analysis of the equal protection issue because (1) the *McKee II* court failed to properly conduct a de novo review, (2) the *McKee II* court misapplied the strict scrutiny test, (3) the *McKee II* court's factual analysis was flawed; and (4) the *McKee II* court did not analyze "the electorate's real reasons for changing the SVP law."

First, defendant claims that the *McKee II* court applied a deferential standard of review rather than an independent standard of review. Defendant acknowledges that the appellate court stated that it was conducting a de novo review (*McKee II, supra,* 207 Cal.App.4th at p. 1338), but he asserts that the court actually performed a substantial evidence review.

Having reviewed the opinion, we believe the *McKee II* court's description of its review is consistent with an independent, de novo review of the evidence, as well as with the Supreme Court's opinion and directions in *McKee I*. After the *McKee I* court

11

remanded the case, the *McKee II* court independently reviewed *all* of the evidence and concluded that "the disparate treatment of SVP's under the [SVPA] is reasonable and factually based and was adequately justified by the People at the evidentiary hearing on remand." (*McKee II, supra,* 207 Cal.App.4th at p. 1348.) We discern no error. Additionally, we note that other courts have rejected a similar challenge to *McKee II*. (See *McKnight*, *supra*, 212 Cal.App.4th at p. 864 [finding that the "claim that the appellate court failed to independently review the trial court's determination is frivolous"]; *Landau*, *supra,* 214 Cal.App.4th at pp. 47-48; *McDonald*, *supra*, 214 Cal.App.4th at pp. 1378, 1381.)

Second, we reject defendant's claim that the *McKee II* court in effect applied a rational basis test rather than a strict scrutiny test in reviewing the evidence presented at the hearing. He criticizes *McKee II* for analyzing only whether "the electorate may have reasonably believed that SVPs were more dangerous."

We disagree that *McKee II* failed to apply strict scrutiny. The *McKee II* court referred to the issue as "whether the People presented substantial evidence to support a reasonable inference or perception that the [SVPA's] disparate treatment of SVP's is *necessary* to further compelling state interests. [Citations.]" (*McKee II, supra,* 207 Cal.App.4th at p. 1339, italics added.) Moreover, the appellate court's use of the phrase "reasonable inference or perception" (*ibid.*) reflects the California Supreme Court's remand instructions. In *McKee I,* the court stated, "On remand, the government will have an opportunity to justify Proposition 83's indefinite commitment provisions . . . and demonstrate that they are based on a reasonable perception of the unique dangers that SVP's pose rather than a special stigma that SVP's may bear in the eyes of California's electorate." (*McKee I, supra,* 47 Cal.4th at p. 1210, fn. omitted.) Thus, in applying the strict scrutiny test, *McKee II* followed the language set forth in *McKee I.*

Moreover, we agree with the *McKee II* court's statement that "[w]e are unpersuaded the electorate that passed Proposition 83 in 2006 was required to adopt the

least restrictive means available (e.g., a two-year or other determinate term of civil commitment) in disparately treating SVP's and furthering the compelling state interests of public safety and humane treatment of the mentally disordered." (*McKee II, supra,* 207 Cal.App.4th at p. 1349.) Given the evidence presented in *McKee II* – that the vast majority of SVP's are diagnosed with pedophilia or other paraphilias, that a paraphilia ordinarily persists throughout a patient's lifetime, that treatment is not focused on medication, and that most SVP's do not participate in treatment (*id.* at pp. 1344-1345) – we have no basis for concluding that an indeterminate term is not necessary to further the compelling state interest in providing treatment to SVP's and protecting the public or that there is any less burdensome alternative to effectuate those interests.

Third, we disagree with defendant's contention that "[t]he *McKee II* court's factual analysis was also flawed because it did not show how the factual findings connected to the necessity for the indeterminate commitment." As we have discussed, the *McKee II* court conducted a proper de novo review, which followed the Supreme Court's opinion and direction in *McKee I*. The court determined whether there was substantial evidence that " 'supports the conclusion that, as a class, SVP's are clinically distinct from MDO's and NGI's and that those distinctions make SVP's more difficult to treat and more likely to commit additional sexual offenses than are MDO's and NGI's.' " (*McKee II*, *supra*, 207 Cal.App.4th at p. 1347; see also *McKnight*, *supra*, 212 Cal.App.4th at p. 863.) Following independent review of the evidence, *McKee II* concluded that "the People on remand met their burden to present substantial evidence, including medical and scientific evidence, justifying the amended [SVPA's] disparate treatment of SVP's (e.g., by imposing indeterminate terms of civil commitment and placing on them the burden to prove they should be released)," and that "the disparate treatment of SVP's under the [SVPA] is reasonable and factually based and was adequately justified by the People at the evidentiary hearing on remand." (*McKee II*, *supra*, 207 Cal.App.4th at pp. 1347, 1348.)

13

Finally, defendant contends that the *McKee II* court erred in failing to "analyze the electorate's real reasons for changing the SVP law." He explains that "[a] review of the arguments in favor of Proposition 83 in the Voter's Guide shows that none of the alleged facts upon which the *McKee II* court relied were placed in front of the voters as reasons for adopting the law." We find no merit in this contention, since, as we have discussed, the *McKee II* court's analysis was consistent with the remand instructions of the California Supreme Court in *McKee I*: "On remand, the government will have an opportunity to justify Proposition 83's indefinite commitment provisions . . . and demonstrate that they are based on a reasonable perception of the unique dangers that SVP's pose rather than a special stigma that SVP's may bear in the eyes of California's electorate." (*McKee I, supra,* 47 Cal.4th at p. 1210, fn. omitted.)

Therefore, in light of the Supreme Court's clearly expressed intent to avoid an unnecessary multiplicity of proceedings, the Supreme Court's denial of review in *McKee II,* and our conclusions regarding the asserted flaws in *McKee II,* we find that defendant's equal protection claims are without merit.

**C.** *Other Constitutional Challenges*

Lastly, defendant contends that the SVPA, as amended in 2006[3] to provide for an indeterminate term of commitment and as amended in 2013 regarding the procedure for unconditional release (Stats. 2013, ch. 182, § 3), violates the due process, ex post facto and double jeopardy clauses. He acknowledges that the California Supreme Court has rejected due process, ex post factor and double jeopardy challenges to the SVPA in *McKee I*, *supra*, 47 Cal.4th 1172, but states that our Supreme Court erred and he wishes to preserve these issues for federal review.

---

[3] As we have noted, the SVPA was amended twice in 2006, by Senate Bill 1128 (Stats. 2006, ch. 337), and by Proposition 83 (see Cal. Const., art. II, § 10, subd. (a)).

14

## 1. Due Process

In *McKee I,* the Supreme Court determined that a person subject to an indefinite commitment under the amended SVPA is not deprived of due process because he or she has the burden, after the initial commitment, to show by a preponderance of the evidence that he or she no longer meets the statutory criteria for commitment as an SVP. (*McKee I, supra,* 47 Cal.4th at p. 1191.) The *McKee I* court also found no merit in the contention that the trial court's discretion to deny as frivolous a committed person's petition for conditional release pursuant to section 6608, subdivision (a) violates due process. (*McKee I, supra,* at p. 1192.) Finally, the *McKee I* court construed the amended SVPA to implicitly provide for the appointment of a state-funded mental health expert when a committed person petitions for release under section 6608, subdivision (a), and that as so construed, "it does not violate the due process clause." (*McKee I, supra,* at p. 1193.)

Defendant contends that the ability of a committed person to petition for unconditional release under section 6608 is not an adequate remedy for a due process violation. However, in *McKee I* the Supreme Court stated, "We construe statutes when reasonable to avoid difficult constitutional issues. [Citation.] After Proposition 83, it is still the case that an individual may not be held in civil commitment when he or she no longer meets the requisites of such commitment. An SVP may be held, as the United States Supreme Court stated under similar circumstances, 'as long as he is both mentally ill and dangerous, but no longer.' [Citation.]" (*McKee I*, *supra*, 47 Cal.4th at p. 1193.)

Accordingly, based on the decision in *McKee I, supra,* 47 Cal. 4th 1172, we conclude that the current version of the SVPA does not violate the due process clause. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455 (*Auto Equity Sales*).)

## 2. Ex Post Facto and Double Jeopardy

Defendant contends that the amended SVPA violates the ex post facto and double jeopardy clauses of the California and United States Constitution because he "has already been convicted and sentenced for his crimes." This contention has no merit.

In *McKee I,* the California Supreme court reiterated its decision in *Hubbart v. Superior Court* (1999) 19 Cal.4th 1138 that the SVPA was not punitive because it had two nonpunitive objectives, "treatment for the individual committed and protection of the public." (*McKee I, supra,* 47 Cal.4th at p. 1194.) After examining the amended SVPA, the *McKee I* court determined that "the Proposition 83 amendments at issue here cannot be regarded to have changed the essentially nonpunitive purpose of the [SVPA]," and therefore that the amended SVPA does not violate the ex post facto clause. (*Ibid.*)

In light of the California Supreme Court's holding in *McKee I* that the amended SVPA is not punitive in nature, defendant's double jeopardy claim is likewise without merit. (See *People v. Carlin* (2007) 150 Cal.App.4th 322, 348, italics omitted [California Supreme Court's determination that SVPA is not punitive " 'removes an essential prerequisite for both . . . double jeopardy and ex post facto claims' "].)

We therefore find that the SVPA does not violate the ex post facto or double jeopardy clauses of the United States Constitution. (*Auto Equity Sales, supra,* 57 Cal.2d at p. 455.)

## IV. DISPOSITION

The judgment is affirmed.

16

_____
BAMATTRE-MANOUKIAN, ACTING P.J.


WE CONCUR:




_____
MIHARA, J.




_____
MÁRQUEZ, J.