Filed 8/20/25  In re L.L. CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re L.L., et al., Persons Coming Under the Juvenile Court Law. | |
| SAN BERNARDINO COUNTY CHILDREN AND FAMILY SERVICES, | E085158 |
| Plaintiff and Respondent, | (Super.Ct.No. J30090-93) |
| v. | OPINION |
| M.L., | |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Steven A. Mapes, Judge.  Affirmed.

Law Offices of Valerie Ross and Valerie Ross for Defendant and Appellant.

Tom Bunton, County Counsel, and David Guardado, Deputy County Counsel for Plaintiff and Respondent.

1

Here, a father appeals from juvenile dependency court findings and orders removing his four children from his care. Nevertheless, he does not argue the trial court erred in making those findings and orders.

Instead, father asks that we consider whether one of the *consequences* of those findings—his inclusion on the Child Abuse Central Index (CACI)—will violate his constitutional rights. That issue is not properly before us. Because father has not demonstrated any error, we affirm.

FACTS

The children in this dependency are L.L. (born 2023), K.L. (born 2017), M.L. (born 2014) and J.L. (born 2012). In May 2024, plaintiff and respondent San Bernardino County Children and Family Services (the department) filed dependency petitions alleging the children came within Welfare and Institutions Code[1] section 300, based on allegations of physical abuse, emotional abuse, and neglect by father and his girlfriend, who is the mother of L.L., but not the three older children.[2] The court detained the children.

At the contested jurisdiction and disposition hearing in October 2024, the juvenile court declared each of the children dependents, sustaining multiple allegations against father and his girlfriend. The sustained allegations included that father had physically

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.

[2] Neither L.L.'s mother (father's girlfriend) nor the mother of the older children is party to this appeal.

2

abused the three older children, bringing them within section 300, subdivision (a) (serious physical harm).[3] The court terminated the dependency as to the three older children, granted their mother, who lives out of state, sole physical custody, granted father and their mother joint legal custody, and ordered father to have only professionally supervised contact with the children (in person when he is in the same jurisdiction as the children's residence; by telephone or video if not). It ordered L.L. to remain in his current placement with his maternal grandparents, who had been assessed and recommended for concurrent planning. The court granted father and his girlfriend reunification services and supervised visitation with L.L.

## DISCUSSION

The only argument father raises on appeal is that his inclusion in the CACI, based on sustained section 300, subdivision (a) allegations of physical abuse by father against three of the children, violates his constitutional rights. His contention as to how, exactly, his rights are violated evolved over the course of his briefing.[4] Regardless, we decline to

---

[3] The court found the three older children came within section 300, subdivision (a), based on physical abuse by father, and that the oldest had been subjected to acts of cruelty (*id.*, subd. (i)) by father and his girlfriend. It also found the oldest child had suffered serious emotional damage (*id.*, subd. (c)) from verbal and physical abuse by father and his girlfriend. It found the youngest child came within section 300, subdivision (b)(1) (failure to protect), based on exposure to the abuse suffered by his half-siblings.

[4] In his opening brief, father focused on purportedly differential treatment arising from limits on the right to request an administrative hearing challenging inclusion on the CACI. (See Pen. Code, § 11169, subd. (e) [administrative hearing to challenge inclusion on the CACI "shall be denied when a court of competent jurisdiction has determined that suspected child abuse or neglect has occurred"].) In his reply briefing, he said he "should

*[footnote continued on next page]*

3

issue an advisory opinion on a constitutional question that has no bearing on the findings and orders under review.

The Child Abuse and Neglect Reporting Act (CANRA; Pen. Code, § 11164 et seq.) requires county welfare agencies, among other mandated reporters, to forward substantiated reports of severe child abuse or neglect to California's Department of Justice for inclusion in the CACI. (See *In re D.P.* (2023) 14 Cal.5th 266, 278; Pen. Code, § 11169, subd. (a).) "Persons listed in the CACI are generally entitled to challenge the basis for their inclusion at a hearing before the reporting agency." (*In re D.P.*, at p. 279; see Pen. Code, § 11169, subds. (d), (e).) "However, if 'a court of competent jurisdiction has determined that suspected child abuse or neglect has occurred,' the hearing request 'shall be denied.'" (*In re D.P.*, at p. 279; see Pen. Code, § 11169, subds. (d), (e).)

"Inclusion in the CACI carries several consequences for parents." (*In re D.P.*, *supra*, 14 Cal.5th at p. 279.) Father is concerned that he "will lose his job as a Registered Nurse and he will lose his nursing license when his CACI listing is discovered at the time his nursing license is renewed." That concern is not unfounded, but it is uncertain

_____

have put forward an argument that . . . Penal Code, section 11169, is unconstitutional as being overbroad because it encompasses a substantial number of unconstitutional applications by including individuals in the CACI who do not present a prospective risk to children."

While we do not address the merits of either of these arguments, we note that in both his opening and reply brief father equates the juvenile court's disposition orders, granting him joint legal custody of the three older children and reunification services as to the youngest, with a finding that father does not present a threat of abuse to the children "prospectively." This is, to put it mildly, a misunderstanding of the record. If anything, the court's orders granting the three older children's mother sole physical custody and limiting father to supervised visitation with all the children imply precisely the opposite finding.

4

whether that harm would result.  (See *In re D.P.*, at p. 279 [agencies and employers who conduct CACI checks "are not barred from hiring or granting a license to an applicant listed in the CACI, but they may be hesitant to do so," and CACI listing based on allegations of child abuse or neglect "may be stigmatizing to the person listed"].)

Our record is silent, however, as to whether father in fact has been included in the CACI.  *In re S.R.*, review granted September 11, 2024, S285759, is currently pending before the California Supreme Court to address "the following issues: (1) When a juvenile court's jurisdictional findings establish that a parent committed an offense that the law requires be reported to the statewide [CACI], should an appellate court presume, on an otherwise silent record, the offense has been or will be reported to [the] CACI? (2) If unrebutted, is this presumption sufficient to avoid dismissal for mootness?"  Here, mootness is not the issue; father has not raised any claim of error about the juvenile court's findings or orders that might be rendered moot because of the findings' potential adverse effects on father, even though the purported error would have no effect on the outcome of this case.  Nevertheless, on this record, it is questionable whether we should accept father's assumption that he is or will be included in the CACI.

Either way, however, "'[i]t is well-settled law that the courts will not give their consideration to questions as to the constitutionality of a statute unless such consideration is necessary to the determination of a real and vital controversy between the litigants in the particular case before it.'"  (*People v. Miller* (2023) 94 Cal.App.5th 935, 941, quoting *People v. Perry* (1931) 212 Cal. 186, 193.)  Father offers no valid argument as to why we

5

should depart from this approach.  He cites *People v. Shields* (2011) 199 Cal.App.4th 323, 330 (*Shields*) for the proposition that appellate courts have discretion to address constitutional issues raised on appeal where the issue is a pure question of law turning on undisputed facts.  The court in *Shields* exercised discretion to reach the merits of purely legal questions, despite the lack of objection in a trial court, where the answers to those questions could mean reversal of the defendant's convictions.  (See *Shields*, at p. 330.) Father has not asked us to reverse any part of the juvenile court's findings and orders. Our discretion to address the merits of forfeited legal issues does not extend to allowing us to "reach out and unnecessarily pronounce upon the constitutionality of any duly enacted statute."  (*Palermo v. Stockton Theatres* (1948) 32 Cal.2d 53, 65.)  On the contrary, to do so would be "against the policy of [our Supreme Court] (and of courts of last resort generally)."  (*Ibid.*)

There is no real and vital controversy between the litigants in this case about father's inclusion in the CACI.  The juvenile court took no action that could be affected by father's arguments.  It made no orders about whether father should be included in the CACI, and whether he is or not makes no difference to the court's jurisdictional or dispositional findings.  The department does not administer CACI, and the agency that does, the California Department of Justice, is not a party.  If we were to address the merits of father's constitutional arguments, it "would result in nothing more than an advisory opinion, i.e., '*dictum* pure and simple.'"  (*Howard Jarvis Taxpayers Assn. v. City of Roseville* (2003) 106 Cal.App.4th 1178, 1185.)

6

We decline father's invitation to do so.  Instead, we will abide by the "sound judicial policy against reaching out to pronounce upon the constitutionality of a duly enacted statute unless necessary to do so to resolve a case or controversy before us." (*Howard Jarvis*, *supra*, 106 Cal.App.4th at p. 1185.)  We need not speculate as to ways that a challenge to CANRA or some action taken based on a person's inclusion in CACI might be brought.  Because father has not shown any error in the findings and orders properly before us, we will affirm them without further discussion.

DISPOSITION

The jurisdictional and dispositional findings and orders are affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAPHAEL
J.

We concur:

CODRINGTON
Acting P. J.

FIELDS
J.

7